JOHN A. PARKS *v.* OBADIAH SPRINKLE.

The *receiver* under *supplementary proceedings*, provided in C. C. P. §270, must be appointed by the Judge, and not by the Clerk.

In a race of diligence between creditors under such proceedings and appointment, if the personal property sought to be subjected be such as may be levied on and seized, *priority* is to be tested by precedence in the appointment of the receiver ; in case a receiver were *applied for* earlier by one, but another obtained an earlier *appointment*, it seems that priority will be determined by the date of *application* ; *Therefore,*

Where judgment had been obtained and docketed by the plaintiff in Wilkes Court, against one Martin, and the latter upon examination said that one Shuford, a non-resident of the State, but at that time in Catawba County, was indebted to him, and a receiver was appointed by the Judge on the 27th of April 1870, and an order served upon Shuford to answer upon the 5th of May ; *where also* the defendant at same Court and term, likewise obtained and docketed a judgment against Martin : the 28th of April, docketed it in Catawba County: on the 29th, obtained an order from the Clerk of Catawba Court for Shuford to answer, who answered on the same day and immediately paid a part of his debt into the Clerk's office; the Clerk on the same day being notified of the appointment of plaintiff's receiver, and on the next day paying the money received by him to the defendant: *Held,* that this payment by the Clerk was in *contempt* of the Judge's order, and that the Judge should have compelled him to pay the amount again to the plaintiff's receiver, to be held subject to the Judge's future orders.

RULE upon a Clerk in the cause above, heard by *Mitchell, J.*, at Spring Term 1870, of WILKES Court.

The plaintiff recovered and docketed a judgment in the Superior Court of Wilkes against Benjamin P. Martin, and issued an execution to that County, which was returned *nulla bona.* He thereupon obtained an order for the examination of Martin, who, on April 27th, 1870, gave information that one Shuford, a non-resident of the State, but then in Catawba County, was indebted to him. A receiver was thereupon, on the same day, appointed, and the provisions of the

Code of Civil Procedure sec. 270, were complied with. An order to appear on the 5th of May, was served on Shuford at ten o'clock on the 29th of April.

The defendant, also at the same term of Wilkes Superior Court, recovered and docketted a judgment against Martin. On the 28th of April, 1870, he caused his judgment to be dock etted in Catawba: On the 29th he issued execution, and on the same day the Clerk of the Superior Court of Catawba issued an order for Shuford to appear and answer, &c. Shuford appeared, admitted his indebtedness, and at eight and a half o'clock on the same day paid into the Clerk's office, in the cause, $500. At ten o'clock on the same day the receiver and the plaintiff Parks gave the Clerk of Catawba Court notice of the order made by the Judge on the 26th of April. (The day is inconsistently stated in the Judge's case, in one place as being the 27th, and in another, the 26th, but the difference does not seem to be material.) On the 30th of April the Clerk of Catawba paid the money to the defendant Sprinkle.

On the 5th of May, the Judge made an order that the Clerk of Catawba show cause why he should not pay the money to the receiver in the case of Parks *v.* Martin. The Clerk showed cause, and the Judge thereupon affirmed his disposition of the money.

The plaintiff appealed.

*W. P. Caldwell* and *F. H. Busbee,* for the appellant.
*Furches, contra.*

RODMAN, J. (After stating the case as above.) The appointment of a receiver was made by the Judge under sec. 270, C. C. P., and it would seem that this was intended for the benefit of all the judgment creditors of the defendant Martin, or at least of all who had instituted supplemental pro-

ceedings. The counsel who argued the case seemed to have supposed that sec. 270 used the words "the Judge *or Court*, &c." but we cannot find that the words "or Court" have ever been inserted in this section by any act of Assembly. Upon a consideration of sec. 215 and of the first line in sec. 270, and, especially, of the requirement in that section, that "The receiver of the judgment debtor shall be subject to the direction and control of the Court in which the judgment was obtained upon which the proceedings are founded;" it seems plain that the appointment of a receiver under sec. 270 (and it must also be so under sec. 215) is within the power of the Judge alone.

As an execution may issue both from the Court in which judgment is recovered, and from any in which it is docketed, it would seem to follow that either Court (meaning here the Clerk) may require a discovery from the defendant, or from any person having property of, or being indebted to him, under sections 264-5-6-7-8. If the property thus or otherwise discovered, be personal and by its nature capable of being actually taken possession of, the priority between several claims will be determined by priority of levy and seizure. In other cases, that is, where the property discovered is not capable of being actually seized, it would seem that the maxims "*qui prior est in tempore potior est in jure*," and "*vigilantibus non dormientibus jura subveniunt*," would apply, and give priority to the party first initiating proceedings. It would seem also, that the same principle would apply when judgments are recovered in different districts, and receivers appointed by different Judges; the one first appointed would be entitled to take possession of all the property of the debtor, not previously levied on, or bound; and the fund would be distributed under the order of the Judge appointing him. How it would be in case an application for a receiver were first made to one Judge, and the actual appoint-

ment first made by another, we are not called on to say, but we are inclined to think that the first application would confer priority of jurisdiction, if a receiver were afterwards actually appointed under it.

It follows that the payment by the Clerk to the defendant Sprinkle, without the order of the Judge, was a contempt of his jurisdiction, and without authority of law. We think the Judge should have ordered and compelled the Clerk to pay to the receiver the money in question, to be disposed of according to law. This Opinion will be certified to the Superior Court of Wilkes, and the case be remanded, in order that such other proceedings may be had as are proper.

PER CURIAM.                                                    Error.