JOHN BEAVANS and JOHN ARRINGTON & SONS v. JOHN GOODRICH et al.

*Appeal—Exception—Homestead and Exceptions—Issues of Fact—Trial by Jury.*

1. An order of the Court setting aside the allotment of a homestead, is not an order to which an exception may be made and reserved for the final hearing, but is one from which an appeal may be at once prosecuted.

2. The omission of appraisers to insert in their report the date of allotment is not sufficient ground for vacating it.

3. Questions of fact arising in the allotment of property exempt from execution are not such " issues of fact " as entitle the parties to a trial by jury.

4. Where the debtor designated the particular land which he desires to have allotted him as " an increase of exemption," (under ch. 347, laws 1885,) and the creditors assent thereto, neither party can demand that the property shall be valued by a jury.

(*Carr* v. *Askew*, 94 N. C., 194, cited and approved, and *Hines* v. *Hines*, 84 N. C., 122, cited, distinguished and approved).

CIVIL ACTION tried before *Shipp, Judge,* at May Term, 1887, of the Superior Court of HALIFAX.

In 1873, the defendant, Goodrich, borrowed money of the plaintiff Beavans, and to secure the payment of it, he and his wife, the defendant Elizabeth, executed a mortgage on certain real and personal property mentioned in the complaint.

In 1879, the plaintiffs, Arrington & Sons, obtained judgments which were duly docketed, and became liens upon the defendants' land, subject to the mortgage executed to Beavans, and to the defendants' right of homestead.

Subsequently, in 1880, 1881 and 1882, the defendant became indebted to the defendant James W. Jenkins, and executed mortgages to secure the said indebtedness.

The plaintiffs brought this action to Fall Term, 1883, against Goodrich and wife, to foreclose the mortgage executed to the plaintiff Beavans, and for the payment of the judgments in favor of the plaintiffs, Arrington & Sons. out of the proceeds of the land, in excess of the amount necessary to discharge the mortgage to Beavans.

The defendants filed their answer, and among other things, insisted that Jas. W. Jenkins was a necessary party to any proceeding for foreclosure. The said Jenkins was accordingly made a party defendant, and filed his answer at the Spring Term, 1884, and the defendants, Goodrich and wife, at the Fall Term, 1884, filed an answer to the allegation contained in the answer of defendant Jenkins.

At January Term, 1886, there was a judgment in favor of Beavans for foreclosure and sale for the payment of the debt due to him, and declaring the judgments in favor of Arrington & Sons a lien upon the lands from March 17th, 1879, subject to the right of the defendant to a homestead.

The judgment also declared the debt due to the defendant Jenkins, secured by mortgage executed the 17th of February, 1882, a lien upon the land conveyed by the mortgage deed

from that date. It was further adjudged that if the debts due to the plaintiffs and to the defendant Jenkins were not paid off and discharged by the defendants Goodrich and wife, within sixty days, that the lands should be sold upon the terms prescribed in the judgment, and a commissioner was appointed to make the sale. It was further ordered and adjudged, "that before selling the land hereinbefore mentioned, the said commissioner shall cause to be laid off to said Goodrich, by three disinterested (persons) qualified to serve as jurors, and having the other qualifications provided by the statute, the homestead of the said Goodrich; that in selling the said land the said commissioner shall first sell that portion of the said land not included in said homestead, and he shall not sell the said homestead nor any portion thereof, unless it becomes necessary to do so in order to satisfy the amounts herein declared to be due to the plaintiff, John Beavans, and the defendant, Jos. W. Jenkins." Thereupon appraisers were appointed, who made an allotment of the homestead in May, 1886, and filed their report, to which the defendants Goodrich and wife filed exceptions, in which they asked, in substance, that their homestead be increased, so as to make it $1,000 in value, by adding to the allotment already made, seven acres "adjoining and lying contiguous to that already allotted," and giving the boundaries of the tract from which the additional allotment is to be made, which additional allotment is to begin "at the south-west corner of the tract heretofore allotted to them, and running thence a straight line to the northern boundary of said unallotted tract, to a point which will include within said reallotment seven acres."

By consent of the plaintiffs and the defendant Jenkins, it was agreed that the commissioners may allot to the defendant, Goodrich, the seven acres of land asked for by him, in addition to the tract already allotted, and thereupon it was ordered that W. F. Parker, R. B. Butt and John W.

Cherry lay off and allot the additional seven acres in an adjoining tract of land, beginning at the "northwest corner," &c.

The commissioners make report on the 18th of October, 1886, that after a careful hearing and examination, they found that the defendant Goodrich had no other land "adjoining the tract of land heretofore allotted" to him as a homestead, but that he had other land not adjoining.

Thereupon, at November Term, 1886, another order was made, which, after reciting that the description of the land set out in the exceptions heretofore filed by the defendant Goodrich, is so vague and uncertain as to render it impossible for said commissioners to allot to him the additional seven acres, directs the commissioners "to lay off and set apart to the defendant Goodrich, as and for his homestead, in addition to the tract of land heretofore allotted to him, seven acres of land in the unallotted tract of land described in the complaint in this action, adjoining, &c., beginning at the southwest corner of the said unallotted tract, thence to the northern boundary of the said tract, to a point which will include within said allotment seven acres, if so directed by the said Goodrich, and it is further ordered that the said commissioners shall set apart and allot to said Goodrich, seven acres in said unallotted tract, in such manner and by such boundaries as the said Goodrich may direct, but if the said Goodrich shall fail to give such directions, then the said commissioners shall lay off the seven acres in said unallotted tract as to them may seem proper."

From this order an appeal was taken by the defendant to the Supreme Court, "and afterwards abandoned."

At the November Term, 1887, an additional order was made, which, after reciting that the commissioners heretofore appointed to allot, &c., "have wilfully refused to obey the order of this Court," made at November Term, 1886, removes said commissioners, and appoints J. J. Robertson, Wm. Burnett

and George B. Curtis in their stead, with the same powers and duties as those specified in the order of November Term, 1886.

The commissioners last named made an allotment, and reported the same to March Term, 1887, to which the defendant, Goodrich, filed numerous exceptions, upon the hearing of which an order was made setting aside the report, and ordering the commissioners to again proceed to make the allotment as provided in the order primarily made.

At May Term, 1887, the said commissioners made the following report:

The undersigned beg leave to report, that in obedience to the order of this Court, made in this action at its March Term, 1887, having met upon the premises, and having been duly sworn by the sheriff of Halifax county, we did on this ____day of_____, 1887, with the assistance of a surveyor, allot to the defendant, John Goodrich, as a portion of his homestead, a certain part of the tract of land heretofore unallotted, and mentioned in the pleadings in this action as containing one hundred and forty-seven acres, accurately described as follows:

Beginning at a stake on the public road leading from the town of Enfield to Scotland Neck; thence running north $60\frac{1}{2}$ east 40 poles to a stake on the north side of a ditch; thence north $16\frac{1}{2}$ west 29 poles to a stake; thence south $60\frac{1}{2}$ west 40 poles to a stake on north side of the public road; thence south $16\frac{1}{2}$ east 29 poles to the beginning, containing seven (7) acres. The said beginning point is 116 poles and 14 links from the center of a ditch on the south side of the road that forks with the main road (or public road), the said Goodrich not being present in person or by attorney.

To this report the defendant, Goodrich, filed exceptions, "and demanded a jury trial upon the same."

His Honor overruled the motion for a jury trial, and heard the case on the exceptions, and rendered judgment in favor

of the plaintiffs, "from which ruling and judgment, as well as those made against him by Judge Gudger, the defendant, Goodrich, appealed:

1st. Because his Honor, Judge Gudger, set aside a former order rendered in this cause without notice, and made said order whilst this case was pending in the Supreme Court.

2d. Because the report of the commissioners to May Term, 1887, does not show when the said homestead was allotted.

3d. Because his Honor, Judge Shipp, refused a jury trial of the issues raised between the parties.

4th. (Abandoned in this Court).

5th. Because his Honor gave judgment against the defendant, not only for the costs of the last allotment of the homestead, but for one half of the costs of the previous allotment.

*Mr. Spier Whitaker*, for the plaintiffs.
*Mr. John A. Moore*, for the defendants.

DAVIS, J., (after stating the facts). The first ground of appeal cannot be sustained.

The defendant had filed exceptions to the first allotment, and had asked that seven acres additional should be allotted to him, and undertook to designate the particular part of the tract from which the seven acres should be taken, and this was assented to by the plaintiffs, but owing to the imperfect and erroneous description given by himself, it was impossible for the commissioners, with the aid of the surveyor, to make the allotment as requested, because he had no land adjoining the tract first allotted. As the defendant had no adjoining land from which the additional allotment, as designated by him, could be made, though the land designated was near to that allotted, a further order was necessary, and that order gave to the defendant the right to designate and select the additional seven acres.

From this order the defendant appealed, but he failed to perfect his appeal, and as the case states, abandoned it, and if there was anything in it, it cannot avail him now.

All the subsequent proceedings were heard upon that order. It was not a mere fragmentary order or ruling to which exception could be taken, and reserved to be passed upon on final judgment. It went to the merits of the case. It is not like the case of *Hines* v. *Hines*, 84 N. C., 122, and the cases which follow it, in which this Court dismissed appeals from interlocutory orders and rulings, which did not affect the merits or final determination of the case. The facts as found, show that the defendant not only had requested the seven acres additional to be allotted, which was assented to by plaintiffs, but he had every opportunity of locating the allotment. The facts show that the commissioners sought his aid in the allotment, but he would not give them any information or assistance.

The report leaves blank the date of the allotment, but it is found, as a fact, that it was on the 22d day of April, 1887. The defendant knew when it was done, and was urged to be present and give information and assistance in locating the seven acres. The omission to state the exact time in the report worked no injury to him, and the second exception cannot be sustained.

The third exception is to the refusal of his Honor to grant a jury trial of the issues raised between the parties.

The questions of fact which arise in the progress of the allotment by the commissioners, are not such issues of fact as entitle the parties to a trial by jury; they are governed by the principal laid down in *Carr* v. *Askew*, 94 N. C., 194, in regard to questions of fact, and if they were not, the defendant by his own action in this case had waived the right.

But his counsel insists, that under the amendment contained in chapter 347 of the laws of 1885, the defendant had a right to have the value of the property assessed by the

jury and laid off by the commissioners, in accordance with their verdict. Having demanded "an increase of the exemption or allotment," undoubtedly the parties, both plaintiffs and defendants, or either, would have had the right to have the property valued by a jury, as provided in the amendatory statute of 1885; but in this case, the defendant himself, in addition to specifying the property from which "the increase or re-allotment" was to be made, designated the quantity or number of acres which he wished to have added to the allotment previously made, and to this the plaintiffs assented, so there was no issue to be decided or difference to be settled by any one except the commissioners, whose simple duty it was to have measured and laid off to him the seven acres selected by himself and assented to by the plaintiffs. What possible necessity could there be for a jury? The objection looked very like a frivolous trifling with the plaintiffs and with justice. If he failed to have the lines run just as he wanted them, it was manifestly his own fault, because the facts found show not only that he had every opportunity to make definite the land specified by him, but he was requested by the commissioners to do so. It is true that in one of the exceptions filed, the defendant says that "the land allotted does not embrace seven acres," but this exception is not presented in the case on appeal, and the lines given in the report, make a rectangular parallelogram, and a simple calculation will show that the area allotted embraces a fraction more than seven acres. There was nothing in the third exception of which the defendant could complain, and it is not sustained.

The fourth exception presented in the case on appeal having been abandoned in this Court, the only remaining exception is to the judgment against the defendant for costs. The Code, §510, provides that "the costs and expenses of appraising and laying off the homestead * * * when the same is made under execution, shall be charged and in-

cluded in the officer's bill of fees, upon such execution or other final process, and when made upon the petition of the owner, they shall be paid by such owner * * *."

Section 521 provides, that if the Superior Court shall confirm the assessment or increase the exemption allowed, the creditor shall pay all the costs of the proceeding in Court.

It may become necessary, under the judgment in this case, to sell the whole of the land, and this cannot be ascertained till after the sale of the unallotted land. The question of costs must await the sale and final judgment.

Thus modified the judgment of the Superior Court is affirmed, and the defendant Goodrich, will pay the costs incurred by the appeal to this Court.

No error.                                          Affirmed.