F. E. THOMAS v. R. C. ELLINGTON, R. P. BALLINGER, AND DORA BALLINGER, ADMINISTRATRIX.

(Filed 30 April, 1913.)

**Executors and Administrators—Heirs at Law—Notes—Security— Orders on Administrator—Venue—Removal of Causes—Interpretation of Statutes.**

Where a maker of a note, jurisdictional as to the amount in a court of a justice of the peace, is sued in the Superior Court thereon, and it appears from the complaint that it was given for a stock of goods which had been entirely disposed of; and that the action was to enforce an order, given as security to the note, on the interest of the maker, as heir at law of a deceased person, in the hands of the administrator, who was made a party for the purpose, the action involves an account and settlement by the administrator, and should be brought where he has qualified, and when brought elsewhere, should be removed thereto on motion aptly and formally made. Revisal, sec. 421.

APPEAL by plaintiff from *O. H. Allen, J.,* at December Term, 1912, of FORSYTH.

Civil action heard on motion to remove cause. On motion, formally made, in apt time, the cause was removed to the county of Guilford, the court entering the following judgment:

"On written motion on the part of the defendants to remove this cause to the Superior Court of Guilford County, and it

appearing to the court that the intestate of the executrix, Mrs. ...... Ballinger, lived and died in Guilford County, and then the executrix duly qualified as such before the Superior Court of Guilford County, and that the plaintiff seeks to recover out of the assets of the said intestate in her hands, the estate being unsettled: It is now ordered that the motion to be removed to the Superior Court of Guilford County for trial be allowed."

Plaintiff excepted and appealed.

*Louis M. Swink for plaintiff.*
*Watson, Buxton & Watson for defendant.*

HOKE, J. Revisal, sec. 421, enacts: "All actions upon official bonds or against executors and administrators in their official capacity shall be instituted in the county where the bonds shall have been given, if the principal or any of the sureties on the bond is in the county; if not, then in the plaintiff's county."

On the record it was made to appear that the father of the defendant R. P. Ballinger died resident in Guilford County, and that defendant Dora T. Ballinger duly qualified in said county as his administratrix, and that a suit to adjust and settle the estate is now pending in that county; that plaintiff heretofore sold to defendants Ellington and R. P. Ballinger a tailoring business and outfit and took and holds three notes for the purchase price in the aggregate sum of $200, and, as security for said notes, a "pledge" of the property sold, and, as further security, R. P. Ballinger assigned to plaintiff "all his interest due him from his father's estate."

It is alleged in the complaint that the business and property sold has been entirely disposed of, and the action is to recover judgment on the $200 note and to condemn and apply the interest due R. P. Ballinger from his father's estate to its payment. The note for $200, being of itself within the jurisdiction of a justice of the peace, and the complaint having alleged that the property sold had been entirely disposed of, the only jurisdictional fact alleged in the pleadings or appearing of record is an action to recover from the administratrix the amount due R. P. Ballinger from his father's estate. This involves an

account and settlement of said estate, and, by the express words of the statute, such an action must be instituted in the county where the administrator qualified. The case of *Roberts v. Connor,* 125 N. C., 45, does not conflict with this position. That was a suit which concerned the conduct of a bank operated by an executor, and the decision was put on the express ground that the official acts and conduct of the executor was in no wise involved.

The judgment removing the cause is

Affirmed.