W. E. YORK AND WIFE, MAGGIE YORK, v. MARY McCALL, EXECUTRIX OF J. R. McCALL, DECEASED.

(Filed 30 October, 1918.)

1. Executors and Administrators—Wills—Assets—Legacies—Procedure—Clerk—Judgments—Appeal and Error.

A petition may be entered before the clerk of the Superior Court for the recovery of a legacy and prosecuted as in other cases of special proceeding (Revisal, sec. 144) ; but before a recovery may be had it is necessary that the executor should have assented to the legacy, or admitted assets in his hands, or it is proved that assets had come into his hands applicable to the claim, or that they should have been acquired by him and held in the proper performance of the duties incident to the position of executor ; and upon failure of the devisee to thus establish assets in the hands of the executor, a judgment entered in his favor by the clerk is reversible error.

2. Executors and Administrators — Demonstrative Legacies — Payment—General Assets.

A legacy payable from the rents and profits of certain lands belonging to the estate of the deceased, and then under certain contingencies payable by the executor out of certain other lands,

is a demonstrative legacy, and, in case of both sources failing, is payable out of the general assets of the estate.

3. Executors and Administrators—Wills—Demonstrative Legacies —Pleadings—Issues—Accounting—Designated Funds—Payment.

In defense of a proceeding against an executor to recover a legacy which by the express terms of the will was to be paid out of the rents and profits of certain lands which had been leased to the executor, and upon failure thereof, out of certain other lands in which the testator had an interest, but which had subsequently been acquired by the executor, the plea was interposed by the executor that there were no available assets, and none could have been acquired by him, and, further, that the general personal property of the executor had been consumed by the testator's family and used in their support, prior to his qualifying: *Held*, (1) the answer did not raise an issue in bar to an accounting, and only pleas of that character will prevent such course; (2) it was the duty of the executor to pay the plaintiff's legacy from the funds designated and in hand, or which should have been by proper administration of the assets, including the rents from the specified lands to the extent they were due and payable under the lease.

4. Executors and Administrators—Receivers—Payment of Legacies —Jurisdiction—Courts.

Ordinarily the appointment of a receiver must be made by the judge and not by the clerk, for the latter has no power to make the appointment unless it is given in express terms by statute, or is necessarily incident to the powers conferred upon him; and the appointment of a receiver to take charge of property of an intestate, in which the executor is personally interested, and pay over the rents and profits to a specific legatee, as directed in the will, is for the judge to do, and is void if it is attempted by the clerk.

5. Executors and Administrators — Demonstrative Legacies — Ultimate Devisees—Parties.

When there is a devise that the rents and profits of the "home place" of the testator be paid upon a specific devise, providing for its payment out of certain other property in the event of its failure or insufficiency to do so, and where there are ultimate devisees whose interests will be affected, such devisees who are to ultimately take under the will are necessary parties to the proceedings to recover the specific legacy, and in their absence an order of the clerk affecting them is error; and in its discretion the court may remand the cause to the clerk for further proceedings. Revisal, sec. 614.

APPEAL by plaintiff from *Whedbee, J.,* at March Term, 1912, of SCOTLAND.

Case heard on appeal from clerk of Superior Court. The suit was a petition to recover a legacy of $500 in the will of J. B. McCall, deceased, to his daughter Maggie, now married to her coplaintiff, W. E. York. This legacy, by the terms of the will, was payable primarily upon the "rents of the home place" under lease at the time of his death to defendant, the duration and terms of which do not appear, and at the termination of the lease the same homestead was devised chiefly to others. Before the clerk, on perusal of the pleadings, there was judgment for the legacy, appointing a receiver to take charge of said home place and pay said legacy from rents. On the hearing in the Superior Court, his Honor being of opinion that there were issues arising on the pleadings to be determined, entered judgment remanding the cause, with directions to settle and certify the issues to the Superior Court for trial by jury in term.

Plaintiff excepted and appealed.

*Walter H. Neal and J. W. Dixon for plaintiff.*
*G. B. Patterson for defendant.*

HOKE, J. By express enactment in this State (Revisal, sec. 144), a petition may be entered before the clerk of the Superior Court for recovery of a legacy and prosecuted as in other cases of special proceedings. Unless, however, the executor has assented to the legacy or the admission of assets otherwise is made to appear, a recovery can be had only on proof that assets have come into the hands of the executor applicable to the claim or that they should have been acquired and held in the proper performance of the duties incident to the position. Croswell on Executors and Administrators, p. 360; Pritchard on Wills, sec. 783.

According to the terms of the will annexed as an exhibit and made a part of the complaint, this is what is called a demonstrative legacy, payable primarily out of the "rents of the home place," and then under certain contingencies payable by the executrix as part owner of a place in South Carolina known as the "Neck Place," and, in case of both sources failing, and

under principles of law applicable, out of the general assets of the estate. 1 Underhill, sec. 406, p. 555; 18 A. and E. (2d Ed.), p. 722.

From a perusal of pleadings in the cause it appears that James B. McCall, the testator, died in 1894, having made his last will and testament and appointing his daughter, Mary, the present defendant, as executrix. That the testator at the time of his death owned the "home place," which was then under a lease to this daughter. He also had a claim on the "Neck Place," a tract of land in South Carolina, and which has since been acquired by this daughter under the terms of the will, and also a lot of personal property. By the terms of the will the executor is charged with the duty of paying plaintiff's legacy from funds designated and in hand, and with the proper administration of assets available or which should have been, in the proper performance of her duties, including the rents of the "home place," certainly to the extent of those rents that were due and payable under the lease. There is nothing in the answer which raises any issue in bar of an accounting by defendant, and it is only pleas of that character which prevent such a course. *Oldham v. Reiger,* 145 N. C., 254; *Jones v. Wooten,* 137 N. C., 421; *Royster v. Wright,* 118 N. C., 152; *Carr v. Askew,* 94 N. C., 194. It is true, she avers in general terms that no assets have come to hand and that none could have been acquired by her, and, further, that the general personal property left by the testator was all consumed by the family and used in their support prior to defendant's qualifying; but on the facts presented and admitted in the pleadings, these averments only raise questions of fact affecting the course and result of the account, and may not be considered as pleas in bar. *Yelverton v. Coley,* 101 N. C., 248; *Bevins v. Goodrich,* 98 N. C., 217; *Carr v. Askew, supra; Grant v. Hughes,* 96 N. C., 186.

While holding that there are no issues of fact in bar of an account raised by the pleadings, the judgment as entered by the clerk cannot be sustained. As we have endeavored to show, in an action of this character a judgment for the legacy may only be entered on showing assets in hand applicable to the

claim, or that such assets should have been acquired in the proper performance of defendant's duties. And that portion of the judgment appointing a receiver must also be set aside. A clerk of the Superior Court is not allowed to appoint a receiver to take charge of property unless the right is given in express terms or is necessarily incident to powers which are so conferred. Possibly, under section 35 of The Code, a clerk might make such an appointment when it was necessary to the proper preservation of the estate, but as a general rule the appointment of a receiver must be made by a judge. Revisal, sec. 846 *et seq.; Parks v. Sprinkle,* 64 N. C., 637. And in any event, no order affecting the interest of an owner of property should be made unless such owner is a party and has been given opportunity to be heard.

In suits of this character it has heretofore been usual to make all persons interested in the distribution of the estate parties, to the end that the judgment should conclude them and the better afford protection to the executor. Pritchard on Wills, sec. 782.

But in any event, before any orders or judgments are made in the present case affecting the rights and interests of the ultimate devisees and owners of this "home place," such owners certainly should be made parties of record. The court had the right in its discretion to remand the cause to the clerk for further proceedings. Revisal, sec. 614. And for the reasons and to the extent stated, we think his Honor's order setting aside the judgment of the clerk should be affirmed. But on the pleadings as they now appear, we are of opinion that judgment should be entered that the defendant account. That if the lease has expired, and it is proposed to ask for orders making further appropriation of the rents of the "home place" to satisfaction of plaintiff's claim, the owners of that property must be made parties.

This will be certified, that further proceedings be had in accordance with this opinion, and the costs will be paid equally by parties plaintiff and defendant.

Modified.