## Amelia B. Shadoan, Executrix of the Estate of J. L. Shadoan v. Knox Hutchinson, J. R. Correll and G. M. Greer, Trustees of New Salem Baptist Church.

(Decided December 19, 1924.)

### Appeal from Wayne Circuit Court.

Executors and Administrators—In Suit for Legacy, Answer of Executirx Held Not to State Defense.—Answer of executrix sued by legatee for legacy, which contained no averments that estate was insolvent, or that there was not sufficient property in her hands which might be converted into cash to pay the bequest, or that executrix had collected or attempted to collect demands owing the estate, or that she had even made an inventory of property and assets, held to state no defense.

BERTRAM & BERTRAM for appellant.

VIRGIL P. SMITH for appellees.

Opinion of the Court by Chief Justice Sampson— Affirming.

The second paragraph of the will of Joe L. Shadoan of Wayne county, reads as follows:

"Item 1.   I will and bequeath to the trustees of the New Salem Baptist Church at Frazier, Wayne county, Kentucky, the sum of one thousand five hundred dollars ($1,500.00), to be paid to them by my executrix out of the first money realized out of my estate and on hand after the payment of my debts and the liabilities of my estate in trust that they and their successors shall so long as said church organization may exist, preserve the principal thereof intact and make no disposition of same for any purpose whatever, and further, that they shall lend the same out at interest and annually collect same and use it to keep their church building in repair and for evangelizing purposes of said church organization."

The will was made some twelve years before the death of Shadoan in 1919.   By it he disposed of all of his property, and he named his wife, Amelia B. Shadoan, as executrix.   She qualified and took charge of the estate.

This suit was commenced in the Wayne circuit court by the trustees of the New Salem Baptist Church of Frazier, Kentucky, for the use and benefit of the church, against Mrs. Shadoan, as executrix of the estate of her husband, to recover of her the $1,500.00 devised by the item of the will above copied.   In the petition it was alleged that the "decedent had devised to the church $1,-500.00 and directed her as executrix to pay the same to his trustees out of the money coming into her hands from his estate; that there came into the hands of the executrix large sums of money, more than enough to satisfy all claims and charges against the estate on and before the 1st day of January, 1920, and that the defendant, as executrix, aforesaid, now has in her hands large sums of money against which there is no charge and more than enough to pay the said bequest to them and that same has been demanded from her," and that she has failed and refused to pay the same, or any part thereof.   To the petition was attached a copy of the will as an exhibit.

A general demurrer was overruled to the petition. Appellant Shadoan as executrix then filed her answer in which she admitted the execution of the will and bequest of $1,500.00 to the trustees of the New Salem Baptist Church, and averred that the bequest "was to be paid out of the first money received from his estate, or money on hand at the time of his death, after first paying all his debts and liabilities against his estate; that all of the property belonging to the estate was disposed of by special bequests; that decedent was largely involved in debt at the time of his death, and that she as executrix had not received, since her qualification, in her official capacity, money sufficient to pay the debts of the estate and that she did not have sufficient funds on hands as executrix to pay the bequest sued for and carry out the other provisions of the will. The general demurrer interposed to this answer was sustained and when appellant declined to further plead judgment was entered in favor of the church against appellant Shadoan, and it is of this judgment she complains upon this appeal.

Appellant insists that the legatee cannot maintain an action at law against an executrix until there has come into the hands of such executrix sufficient funds belonging to the estate with which to settle all indebtedness and liabilities against the estate, including the legacy. This statement is supported by the text of 24 C. J., page 750, and the cases of Farell v. Jacobs, 4 Mass. 634; York v. McCall, 160 N. C. 276. The principle is a correct one but we do not think it has application to this case. The answer does not state a defense. There is no averment that the estate is insolvent or that there is not sufficient property in the hands of the executrix which might be converted into cash with which to pay the bequest to the church. Neither is it averred that the executrix has collected or attempted to collect demands owing the estate, or even made an inventory of the property and assets of the estate. So far as the pleadings show she has never made a settlement or performed any of the duties required of her, save to qualify as executrix and take charge of the estate. The answer could have been made sufficient on demurrer had it been averred that the estate consisted of named property, tangible and intangible, of a named appraised value; that she had collected and paid certain moneys on debts owing by the estate not leaving enough money in her hands to meet other exist-

ing obligations, or that the estate was insolvent and unable to pay the bequest.

As the answer did not state facts sufficient to constitute a defense to the cause of action stated in the petition the trial court properly sustained the general demurrer to the answer and in default of further pleading on her part, rendered judgment against her, as executrix, for the amount of the bequest.

Judgment affirmed.