LAURA S. McGEHEE v. J. W. McGEHEE, Executor of HENRY W. McGEHEE, Deceased, J. W. McGEHEE, HENRY RICHARD McGEHEE, NINA HEGE and IRENE HEGE, Heirs at Law of NANNIE McGEHEE HEGE, MAMIE McGEHEE McANNALLY and Her Husband, WILLIAM McANNALLY, SALLIE FOY McGEHEE, IRENE McGEHEE, HENRY WINFRED PRICE, T. A. PRICE, RICHARD PRICE, BESSIE PRICE, and MARTHA PRICE.

(Filed 12 November, 1925.)

**1. Appeal and Error—Judgments—Second Appeal.**

Where on a former appeal the court below has been reversed, but leaving unpresented the form of the judgment to be rendered, the law as decided by the court as therein applicable should be followed and considered as determinative; but errors alleged in the judgment otherwise may again be appealed from.

**2. Appeal and Error—Former Appeal—Issuable Matters—Judgment.**

    While the trial judge should apply the law to the case as decided on a former appeal therein, it is. reversible error for him to sign a judgment without submitting to the jury determinable matters left open for their consideration.

Appeal by John W. McGehee, Executor, from *Schenck, J.,* at August Term, 1925, of Guilford.

From a judgment entered on the certificate of the opinion of this Court, adjudging "that the plaintiff, Laura S. McGehee, have and recover of the defendant, J. W. McGehee, as executor of the last will and testament of Henry W. McGehee, deceased, the sum of $20,000 with interest from 8 September, 1920, until paid," the defendant, John W. McGehee, executor, appeals.

*King, Sapp & King and Swink, Clement & Hutchins for plaintiff.*
*Manly, Hendren & Womble and J. R. Joyce for defendant, J. W. McGehee.*

Stacy, C. J. At the close of the evidence, on the trial of this cause, had at the December Term, 1924, it was agreed between counsel for plaintiff and defendants that the only question then for decision was whether or not the principle of equitable compensation, as sometimes engrafted on the primary doctrine of election, was applicable to the facts of the instant case. The trial court was of the opinion that it was and rendered judgment accordingly. This was reversed on plaintiff's appeal, but without any direction as to what judgment should be entered. *McGehee v. McGehee,* 189 N. C., 558. Hence, when the case was called again at the August Term, 1925, it stood for trial on the issues of fact raised by the pleadings, just as if no former trial had taken place, the law, of course, as announced by this Court in its opinion, to be applied in the case. *McMillan v. Baker,* 92 N. C., 111; *Ashby v. Page,* 108 N. C., 6; *Jones v. Swepson,* 94 N. C., 700.

The agreement of counsel on the original hearing did not go to the extent and scope of the judgment to be entered, and this was not considered by us on the first appeal. His Honor, therefore, erred in rendering what amounted to a judgment on the pleadings, without disposing of the issuable questions of fact raised thereby and which relate to the extent and scope of the judgment to be entered. Besides, the judgment awarded was such as a creditor would be entitled to demand (*Johnson v. Powers,* 139 U. S., 156), while the plaintiff is claiming as a legatee under the will. *University v. Borden,* 132 N. C., 477.

It may be well to note that an executor, appointed in this jurisdiction, is charged with the duty of administering the estate rightfully

coming into his possession here, according to the provisions of the will as interpreted by the courts of this State. *Stacy v. Thrasher,* 6 How., 44. An executor is one named by the testator and appointed to carry the will into effect after the death of the maker, and to dispose of the estate according to its tenor. *Kellogg v. White,* 169 N. Y. S., 989; *Shufeldt v. Hughes,* 104 Pac. (Wash.), 253.

The plaintiff is entitled to take her legacy under the will, "in lieu of her dower rights," and it is the duty of the executor to pay it, or apply to its payment such funds as may come into his hands available for that purpose, and to render an accounting of his executorship. *Vaughn v. Northrup,* 15 Pet., 1. The method of procedure, including the proper form of judgment in such cases, was considered in *York v. McCall,* 160 N. C., 276, construing C. S., 147. See, also, C. S., 155 and 156.

Let the cause be remanded, to the end that further proceedings may be had as the law directs and the rights of the parties require.

Error.