In the Matter of WACHOVIA BANK AND TRUST COMPANY, Executor
OF GEORGE T. BROWN, Deceased.

(Filed 30 June, 1936.)

1. **Executors and Administrators G a—Where will does not appoint trustee
   but directs executor to manage trust estate, executor may not be re-
   quired to file final account prior to discharge of duties under the trust.**

   Where a will creates a trust estate, without appointing a trustee, and
   directs that the executor named therein shall hold the assets of the trust
   estate and imposes active duties upon the executor in regard to the man-
   agement and disposition of the assets of the estate, which duties include
   the payment of annuities for the lives of several beneficiaries and require
   a number of years for their performance, the clerk is without power to
   appoint a trustee for the estate, and the executor is not required to apply
   to the clerk for such appointment, and the executor may perform the
   duties incident to the management of the trust, and it is error for the
   clerk to refuse to accept an annual account tendered by the executor for a
   year more than two years after the executor's qualification but during
   the life of the trust estate, C. S., 105, and to direct that the executor file
   a final account and pay over to itself as trustee the assets of the estate,
   since C. S., 109, authorizing the clerk, at the instance of any interested
   person, to require an executor to file final account and settlement at any
   time after two years from date of qualification, does not apply where
   the will imposes duties upon the executor which cannot be fully per-
   formed within two years, C. S., 178, it appearing that the executor was
   faithfully and fully performing the duties imposed upon it by the will.

2. **Same—**

   Where the clerk orders an executor to file final account and turn over
   the assets of the trust estate to itself as trustee, which order is made as
   a matter of law upon the facts found and not as a matter of discretion,
   the order is reviewable by the Superior Court upon appeal.

Devin, J., took no part in the consideration or decision of this case.

Appeal by respondent from *Hill, Special Judge,* at March Term,
1936, of Forsyth. Reversed.

George T. Brown died in Forsyth County, North Carolina, on 27
November, 1913, having first made and published his last will and testa-
ment, which was duly probated and recorded in the office of the clerk
of the Superior Court of Forsyth County, on 2 January, 1914.

The said last will and testament, with a codicil thereto, is as follows:

"State of North Carolina—Forsyth County.

"I, Geo. T. Brown, of Winston-Salem, N. C., being of sound mind,
and knowing the uncertainty of human existence do hereby make and
publish this my last will and testament, to-wit:

"Viz:—I give and bequeath to my wife Elsie Thompson Brown my Entire Estate, both real and personal, as long as she lives. After her death I instruct my Executors herein after named to pay to my brother-in-law, Peter A. Thompson, Three Thousand Dollars per year as long as he lives, and to also pay the following persons Three Thousand Dollars each per year as long as they live, viz.: My sister Lillie Brown Hodson, $3,000.00, my brother, Rufus D. Brown, $3,000.00, my brother-in-law, Robert L. Williamson, $3,000.00. The above amounts are to be paid by my Executors to the above named persons on the first day of each month, $250.00 per month each. After the payment of Twelve Thousand Dollars per year as mentioned above, I desire the balance of the income derived from my Estate to be held in 'Trust' by my Executors, by investing the same in North Carolina State 4% bonds, as soon as funds are received from my Estate by my Executors. When the fund reaches $100,000.00 (One Hundred Thousand Dollars) I instruct my Executors to build a modern substantial brick hospital to be used exclusively by the negroes of North Carolina. Forsyth County and Davie County negroes can have the use of the Hospital free and are to receive absolutely free board and free treatment while patients in the Hospital. Negroes from other counties of North Carolina are to pay a reasonable amount for treatment and the use of the Hospital while patients there.

"I desire the Hospital to be called 'The George T. Brown Hospital for Negroes,' and I desire that my photo in life size be placed in the front hall of the building with a white marble slab in the wall under the photo of myself with the following wording:—

" 'This Hospital was given to the Negroes of North Carolina by a true friend of their race, George T. Brown, the President of Brown and Williamson Tobacco Company, Winston-Salem, North Carolina, and son of Rufus D. Brown of the old firm of Brown and Brother, merchants and Tobacco Mfgrs. of Mocksville, Davie County and Winston, N. C.'

"I also desire and request my Executors to place on the wall in the Front Hall of the Hospital a life size photo of my father, Rufus D. Brown, that grand old man and a true friend to all poor negroes.

"I desire for the remaining income be used to pay the running expenses and any excess to be used as an endowment for the Hospital.

"The reason I desire this Hospital for the negroes is because a majority of them are poor and when they get sick, receive no attention and die from want of proper food, clothing, and medical attention.

"I desire my Executors to invest sufficient funds of my estate in North Carolina State 4% Bonds as a Special Trust Fund to pay for the care and keeping clean and green the grave yard lots of R. D. Brown and V. O. Thompson in the Winston-Salem Cemetery, the present cost of this work is $10.00 per year for both lots ($5.00) each.

"I will and bequeath to Henry Transon (col.) my 'boy' at my residence One Hundred Dollars per year as long as he lives.

"I will and bequeath to George Brown Hatcher son of the manager of my farm Two Hundred Dollars per year as long as he lives.

"All previous wills or codicils made by me are this day void and I declare this to be my last Will and Testament.

"I appoint the Wachovia Bank & Trust Company as Executors of my Estate and to serve and administer my Estate as per a special agreement I made with them a written copy of which is in my private lock Box at the above named Bank.

"I hereby instruct my Executors to never sell my stock in the Winston-Salem Masonic Temple Co., as I desire for my Estate to forever own this Building and stock.

"I trust the Great and Good God for my future salvation and believe implicitly in Him and I thank Him and Praise His Great and Holy name forever for His loving kindness and Goodness to me a poor sinner.

"My advice to every one is to live up to the Golden Rule—'Do unto others as you would like them to do to you.'

"Be honest and tell the truth and ask God to keep and guide you every day.

"Witness my hand and seal this the 9th day of October, 1913.

GEORGE T. BROWN (seal).

"Codicil. After the death of my wife Elsie T. Brown, if from any cause the net income of my estate should not amount to enough to pay yearly the bequests I have made, I do not wish my Executors to pay any of the amount from the principal of My Estate as I do not desire for the principal amount of my estate to be used or touched, but only use the income of my estate to pay the bequests and in case the net income of my estate should not amount to $12,300.00, Twelve Thousand Three Hundred Dollars per year, the bequests I have made must be reduced proportionately in keeping with the net income derived from my Estate. Should my Executors ever sell my stock in the Brown & Williamson Tob. Company, I desire for the entire amount of money received for this stock or any other monies from my estate to be invested by my Executors in North Carolina 4% State Bonds.

"Witness my hand and seal this the 17th day of October, 1913.

GEO. T. BROWN (seal)."

After the probate of said last will and testament and of the codicil thereto, the Wachovia Bank and Trust Company duly qualified as executor of the estate of George T. Brown, deceased, on 2 January, 1914.

After the probate of said last will and testament and of the codicil thereto, Elsie Thompson Brown, wife of George T. Brown, duly dissented therefrom. Full settlement has been made with the said Elsie Thompson Brown, of all her interest as the widow of Geo. T. Brown, deceased, in and to his estate. She now has no interest in said estate.

The Wachovia Bank and Trust Company immediately upon its qualification as executor of the estate of. George T. Brown, deceased, entered upon the performance of its duties as such executor. It has paid all the debts of the testator, and has also paid all the annuities provided for in his last will and testament, as the same have become due. It now has in hand all the property, real and personal, and all the investments made by it pursuant to his said last will and testament, belonging to the estate of George T. Brown, deceased.

On or about 5 January, 1936, the Wachovia Bank and Trust Company tendered to the clerk of the Superior Court of Forsyth County its annual account for the preceding year, and prayed the said clerk to accept, audit, and approve said annual account. The said clerk declined to accept, audit, or approve said annual account, and thereupon ordered the Wachovia Bank and Trust Company, executor of the estate of George T. Brown, to show cause why it should not file its final account as such executor, and apply for appointment by said clerk as trustee under the last will and testament of George T. Brown, deceased, to the end that it be discharged as executor of the estate of the said George T. Brown, deceased, and pay over to itself as trustee the sum now in its hands as executor. In due time the Wachovia Bank and Trust Company filed its answer to the order of the clerk, and on the facts stated therein renewed its prayer that its annual account as executor of the estate of George T. Brown be accepted, audited, and approved, and that the order to show cause made by the clerk be discharged.

After duly considering said answer, on the facts found by him, and in accordance with his conclusions of law, it was ordered by the clerk that "the petition of the Wachovia Bank and Trust Company, executor of George T. Brown, deceased, for an extension of one year in which to make settlement of said estate as provided by section 150 of the Consolidated Statutes, be and the same is hereby denied, and that the annual account tendered by the Wachovia Bank and Trust Company, executor, is hereby rejected."

It was further ordered by said clerk that the Wachovia Bank and Trust Company be and it was directed "to file application for letters as trustee, give the necessary bond, take the requisite oath, and pay over to itself as such trustee all moneys and to deliver all securities and other properties held by it as executor to itself as trustee, to be administered in said trust as provided in said last will and testament and codicil, and

in accordance with law; and that the Wachovia Bank and Trust Company as executor file its final report and close the administration of the estate of George T. Brown, deceased, by it as executor; and the said Wachovia Bank and Trust Company is further ordered to file an inventory and annual accounts as trustee as provided by section 51 of the Consolidated Statutes."

The respondent Wachovia Bank and Trust Company, executor of George T. Brown, deceased, appealed from said order to the judge of the Superior Court of Forsyth County, who, after hearing said appeal, affirmed the order of the clerk. The respondent thereupon appealed to the Supreme Court, assigning errors in the judgment affirming the order of the clerk.

*Manly, Hendren & Womble* and *I. E. Carlyle* for respondent.
*Attorney-General Seawell* and *Assistant Attorney-General McMullan, amici curiæ.*

CONNOR, J. There is error in the judgment in this case affirming the order of the clerk of the Superior Court of Forsyth County. The judgment must be reversed to the end that the order of the clerk may be set aside and vacated.

The order of the clerk, which was affirmed by the judge on the appeal of the respondent, Wachovia Bank and Trust Company, executor of George T. Brown, deceased, was not made by the clerk in the exercise of any discretion vested in him by law, or on any facts found by the clerk which would support the order. It was not suggested on the record, or found by the clerk, that as executor of George T. Brown, deceased, the Wachovia Bank and Trust Company has failed to exercise good faith or to use sound judgment in the administration of the estate of its testator. On the contrary, it is shown by the record, and was found by the clerk, that the Wachovia Bank and Trust Company has faithfully and fully performed all its duties as executor of George T. Brown, deceased, in accordance with the provisions of his will, and in accordance with the laws of this State. The order was made by the clerk in accordance with his opinion as to the law applicable to the facts found by him, and was therefore reviewable by the judge of the Superior Court of Forsyth County, on respondent's appeal.

It is manifest from the language of his last will and testament and of the codicil thereto, that it was the intention of George T. Brown that the Wachovia Bank and Trust Company, as his executor, should not only administer his estate, but should also hold the principal amount of said estate, after the payment of his debts, in accordance with the provisions of his will. He knew that under the law of this State his

executor would be required to file an account annually with the clerk of the Superior Court of Forsyth County, and that said account would not be accepted and filed by said clerk until it had been audited and approved by him. C. S., 105. He also knew that while ordinarily an executor, at the instance of any interested person, may be required by the clerk to file a final account for the settlement of the estate which has come into his hands under a will, at any time after two years from his qualification (C. S., 109), this statutory requirement is not applicable where the duties imposed upon the executor by the will cannot be fully performed within two years from his qualification. C. S., 178. It is apparent that the testator did not contemplate that his executor would or could be required to file a final account until it had fully performed all the duties imposed by him upon his executor. It was doubtless for these reasons, among others, that George T. Brown did not appoint a trustee, *eo nominee,* but was content that his executor should carry out his wishes with respect to the disposition of the property belonging to his estate. Where property, real or personal, is devised or bequeathed by a will, upon certain trusts set out in the will, and the testator does not appoint a trustee, it is the duty of the executor, who has duly qualified as required by statute, to carry out the provisions of the will. In such case, the clerk of the Superior Court has no power to appoint a trustee, and the executor is not required to apply to the clerk for such appointment.

We find no statute in this State which supports the order of the clerk in the instant case.

It was the duty of the clerk of the Superior Court of Forsyth County, when the Wachovia Bank and Trust Company, as executor of George T. Brown, deceased, tendered its annual account for the year preceding 2 January, 1936, to accept said account for his audit and approval. C. S., 105.

There was error in the order of the clerk rejecting the annual account tendered by the respondent for his audit and approval, and directing the respondent to apply for appointment as trustee under the will. The order should be set aside and vacated. It was not authorized by the law of this State, statutory or otherwise.

The judgment affirming the order is

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.