By the Court.
 

 This is an appeal by the Tax Commissioner from a decision of the Board of Tax Appeals in which the board reversed the action of the commissioner in making- tax assessments against the three appellees in their representative capacities.
 

 The sole question for our determination is whether the appellees, as fiduciaries of the estate of a decedent whose death occurred on September 8, 1910, were acting, for the years 1932 to 1942, inclusive, as executors and administrator
 
 de bonis non
 
 with the will annexed of the estate, respectively, within the contemplation of Sections 5366 and 5370, General Code, and thus were required to make returns and pay taxes on the personal property in their control, or whether they were in fact acting in the capacity of trustees during such time, holding in trust investments and other taxable intangible property yielding income, in connection with which, under the law, they,were not required to make returns and pay taxes.
 

 Upon a consideration of the evidence, the board found that during the period in issue the appellees
 
 *235
 
 were acting as, and performing the duties of, trustees in relation to the property held by them; that an annual distribution of income was made to the beneficiaries; and that, in the circumstances disclosed, they were not under the duty to file returns and pay taxes.
 

 It is well recognized that, although a testator referred to a fiduciary as executor, the duties imposed ■ will be analyzed and from such analysis it will be determined in what capacity he really acts — whether as executor or trustee. See
 
 Gandolfo
 
 v.
 
 Walker,
 
 15 Ohio St., 251;
 
 Mathews, Admr.,
 
 v.
 
 Meek,
 
 23 Ohio St., 272, 289.
 

 In the opinion in the case of
 
 Bowen
 
 v.
 
 Bowen,
 
 38 Ohio St., 426, 428, the following quotation from Adams Equity appears:
 

 “It is true that in one sense an executor may be called a trustee, as any man may be so called who is bound to apply property for the benefit of others; but he is not a trustee in the technical sense. It is his duty to pay the creditors and legatees out of the assets, and he is personally liable if he neglects to’ do so. But there is no trust which affects the assets themselves.”
 

 From such statement it logically follows that where a testator by the terms of his will places assets .in the hands of his executor for management, control and distribution of income over a considerable number of years, as in the instant case,, such so-called executor is in reality a trustee in the usual acceptance of that term.
 

 So, notwithstanding a person may be called executor, if the duties he must perform in fulfilling his office involve the investment and management of the assets of the estate over an extended period of time, he will be regarded and treated as a trustee in the same manner as if he had been given that specific title. 1 Bogert on Trusts & Trustees, 33, Section 12. Or, as stated
 
 *236
 
 in
 
 Ryder, Exr.,
 
 v.
 
 Lyon, Trustee,
 
 85 Conn., 245, 252, 82 A., 573, 576, “the will may appoint the executor a trustee, or it may devolve upon him the duties of a trustee; in either case, in the performance of these duties, he acts as a trustee and not as an executor.”
 

 Compare
 
 In re Estate of Shaw,
 
 198 Cal., 352, 362, 246 P., 48, 52;
 
 In re Estate of McCray,
 
 204 Cal., 399, 403, 268 P., 647, 648;
 
 McInnes, Exr.,
 
 v.
 
 Whitman,
 
 313 Mass., 19, 28, 46 N. E. (2d), 527, 531;
 
 In re Wachovia Bank & Trust Co., Exr.,
 
 210 N. C., 385, 186 S. E., 510.
 

 Prom an independent examination of the record we are unanimously of the opinion that the conclusion of the board upon the facts before it was justified and that its decision is neither unreasonable nor unlawful. The decision is therefore affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.