JOSEPH LICHTENFELS, JOHANNA L. ABRAHAMS, CAROLYN L. GREEN AND HELEN L. GUMPERT v. NORTH CAROLINA NATIONAL BANK, A CORPORATION.

(Filed 18 September 1963.)

**1. Fiduciary—**

All fiduciaries may be compelled by appropriate proceedings to account for the handling of properties committed to their care.

**2. Executors and Administrators § 32—**

An executor or administrator, as well as a trustee or successor trustee performing duties imposed upon the executors by a testamentary trust, may be compelled to account by special proceedings or civil action, G.S. 28-122, G.S. 28-147, or the court which appointed them may, *ex mero motu,* compel a proper accounting by attachment for contempt, G.S. 20-118.

**3. Same—**

An executor's duty to account is not fulfilled by the mere filing of a statement of receipts and disbursements, but he must also pay over to the parties entitled thereto the monies which they are entitled to receive.

**4. Same—**

An executor, clothed with the duties of a testamentary trustee, may not be required to file his final account and make settlement prior to the date fixed for the settlement of the trust.

**5. Same;　Venue § 3—**

An action by beneficiaries of a testamentary trust alleging mismanagement of the successor trustee, challenging its account and seeking to recover from it as trustee losses sustained by reason of the asserted mismanagement, is properly brought in the county in which the will was probated, G.S. 1-78, G.S. 28-53, and the trustee's motion to remove to the county in which it maintains its principal office, should not be allowed.

**6. Same;　Banks and Banking § 1—**

A national bank, by qualifying as a testamentary trustee, waives any right to have an action for an accounting instituted against it in the county in which the will was probated removed to the county in which it maintains its principal office.

APPEAL by plaintiffs from an order of *Pless, J.,* made in Chambers in BUNCOMBE on 25 March 1963.

Carrie Long died 6 July 1927. Her will was probated in Buncombe, the county of her residence. Item Second of the will names her two brothers "and the survivor of them to be the Executors of, and Trustees under" her will.

By Item Fifth Mrs. Long devised and bequeathed "unto my Executors and the survivor of them, IN TRUST" the residue of her estate. They were given authority to manage the trust assets, directed to pay the income from one-half thereof to Mrs. Long's daughter, Edna L. Lichtenfels, during her life, and upon her death to her children if they had reached their majority.

In 1936 Mrs. Lichtenfels and the other beneficiaries of the trust instituted a special proceeding in Buncombe County against North Carolina Bank and Trust Company, Gurney P. Hood, Commissioner of Banks, and the conservator of that bank for removal of that bank as trustee under Mrs. Long's will. The clerk, by order dated 29 April 1936, removed North Carolina Bank and Trust Company and its conservator and appointed Security National Bank of Greensboro "as Trustee under the Trust created by the fifth paragraph of the Last Will and Testament of Carrie Cone Long, deceased, in the place and stead and with all the rights, titles, powers, privileges and interests, and subject to the same obligations and duties as the original Trustee thereunder." This order was approved by the resident judge 4 May 1936. Pursuant to said order, the Security National Bank of Greensboro "acted as trustee thereof from the 8th day of May, 1936

until the 30th day of June 1960, under the probate jurisdiction of the Superior Court of Buncombe County. . ."

On 30 June 1960 there was a consolidation of banks to which Security National Bank of Greensboro was a party. Defendant came into existence as a result of that consolidation. Defendant has, since consolidation, "administered said trust subject to the supervision of the probate division of the Superior Court of Buncombe County."

Security National Bank of Greensboro was a national banking association organized pursuant to the laws enacted by the Congress of the United States. It has never had or maintained a place of business in Buncombe County. Defendant is a banking corporation organized under the laws duly enacted by the Congress of the United States. Its principal office is in Charlotte, N. C. It has never had or maintained a place of business in Buncombe County.

Mrs. Lichtenfels died 11 October 1962. Plaintiffs are her children. All have reached their majority. This action was begun 1 February 1963. The complaint alleges neither Security National Bank of Greensboro nor defendant filed any accounting with the clerk of the Superior Court of Buncombe County until 10 January 1963; that defendant and its predecessor, Security Bank of Greensboro, had mismanaged the trust, causing a loss to plaintiffs, beneficiaries thereof, in excess of $2,000,000. They challenge the account filed and seek to recover from defendant as trustee under the will losses sustained by reason of the asserted mismanagement.

Defendant, in apt time, filed with the clerk of the Superior Court of Buncombe its motion to remove as a matter of right to the Superior Court of Mecklenburg County. The clerk declined to allow the motion. Defendant appealed to the judge. He ordered the cause removed to the Superior Court of Mecklenburg County. Plaintiffs excepted and appealed.

*Williams, Williams and Morris by Robt. R. Williams, Jr., for plaintiff appellants.*

*Uzzell and DuMont by Harry DuMont and Adams, Kleemeier, Hagan & Hannah by Charles T. Hagan, Jr., for defendant appellee.*

RODMAN, J.   All fiduciaries may be compelled by appropriate proceeding to account for their handling of properties committed to their care. When the fiduciary is an executor, administrator, collector, or personal representative of a deceased, he may, at the instance of an interested party, be compelled to account by special proceeding or civil action, G.S. 28-122 and 147; or the court which appointed him

may, *ex mero motu,* compel a proper accounting by attachment for contempt, G.S. 28-118.

An executor or administrator is liable in his official capacity for breach of his duty to properly handle and account for the estate which the court entrusts to him. *Rudisill v. Hoyle,* 254 N.C. 33, 118 S.E. 2d 145; *Davis v. Davis,* 246 N.C. 307, 98 S.E. 2d 318. His duty to account has not been fulfilled by merely filing a statement of receipts and disbursements. He must also pay over to the parties entitled thereto the monies which they are lawfully entitled to receive. As said by Stacy, C.J., in *McGehee v. McGehee,* 190 N.C. 476, 130 S.E. 115: "An executor is one named by the testator and appointed to carry the will into effect after the death of the maker, and to dispose of the estate according to its tenor." Where, as here, testatrix did not specifically appoint a trustee but directed the executors to handle the trust estate, the executors could not be required to file their final account and make settlement prior to the date fixed for the termination of the trust. *In re Trust Co.,* 210 N.C. 385, 186 S.E. 510. No matter what title was given to defendant and its parent, Security National Bank, it was nevertheless performing the duties which Mrs. Long had expressly imposed on her executors.

The proper venue for actions against executors and administrators is the county in which they qualify. G.S. 1-78; *Godfrey v. Power Co.,* 224 N.C. 657, 32 S.E. 2d 27; *Thomas v. Ellington,* 162 N.C. 131, 78 S.E. 12; *Stanley v. Mason,* 69 N.C. 1. True, this statute, by express language is limited to actions against executors and administrators; but there can, in our opinion, be no doubt that the Legislature intended the words used to encompass all fiduciaries, irrespective of technical titles, who act by reason of a court appointment and are by law required to account to the court appointing them. Testamentary trustees are required to file in the court where the will is probated inventories and annual and final accounts "such as are required of executors and administrators." G.S. 28-53. Trustees as well as executors and other fiduciaries are permitted to resign; but before the resignation shall become effective, they must file with the court a final account of the trust estate, and the resignation shall not become effective "until the court shall be satisfied that said account is true and correct." G.S. 36-15. The successor, executor, trustee, or other fiduciary must give such bond as may be required by the court. G.S. 36-17. By express decision the statute, G.S. 1-78, has been held to include guardians notwithstanding the only words used are "executors" and "administrators." *Cloman v. Staton,* 78 N.C. 235. As said by the Supreme Court of Vermont: "An administrator is a technical

trustee." *In re Watkin's Estate*, 41 A 2d 180, 157 A.L.R. 212; *Fricke v. Safe Deposit & Trust Co.*, 38 A. 599; *LaRabee v. Tracy*, 134 P. 2d 265.

Defendant asserts the order of removal was proper notwithstanding state statutes, since state statutes must yield to statutes enacted by Congress prescribing the place where national banks may be sued. It relies on sec. 94, Title 12 (Banks and Banking), of the United States Code, which reads: "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The statute does not limit the jurisdiction of state courts. Congress has merely accorded national banks the privilege of having controversies to which they are parties determined in the county of their residence. *Mercantile National Bank v. Langdreau*, 371 U.S. 555, 9 L. ed. 2d 523, 83 S. Ct. 520. This privilege, granted for the convenience of national banks can be waived. *Michigan Nat. Bank v. Robertson*, ...... U.S. ....., 9 L. ed. 961, 83 S. Ct. .....; *Mercantile National Bank v. Langdreau, supra; First National Bank of Charlotte, North Carolina v. Morgan*, 132 U.S. 141, 33 L. ed. 282. Mr. Justice Harland, speaking in the *Morgan* case, said: "No reason can be suggested why one court of a State, rather than another, both being of the same dignity, should take cognizance of a suit against a national bank, except the convenience of the bank. And this consideration supports the view that the exemption of a national bank from suit in any state court except one of the county or city in which it is located is a personal privilege, which it could claim or not, as it deemed necessary."

One appointed by court order to administer the estate of a deceased is an officer of the court making the appointment. *Byers v. McAuley*, 149 U.S. 608, 37 L. ed. 867. This is true whether he be designated in the order of appointment as administrator, collector, executor, or trustee. Hence "(i)t is within the power of a state to make the whole administration of the estate a single proceeding, to provide that one who has undertaken it within the jurisdiction shall be subject to the order of the court in the matter until the administration is closed by distribution, and on the same principle, that it shall be required to account for and distribute all that he receives, by the order of the probate court." *Michigan Trust Co. v. Ferry*, 228 U.S. 346, 57 L. ed. 867; *Trust Co. of Georgia v. Smith*, 188 S.E. 469.

The right of a defendant to challenge the venue selected by plaintiff may be waived by conduct prior to the institution of the action. Congress, by 28 U.S.C.A. 1391(a) and (b), fixed the venue in diversity cases. Even so, a nonresident who appoints a process agent in another state waives the benefit of the privilege which Congress accorded him. *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 84 L. ed. 167, 60 S. Ct. 153, 128 A.L.R. 1437; *Oklahoma Packing Co. v. Oklahoma G & E Co.,* 309 U.S. 4, 84 L. ed. 537; *Davis v. Smith,* 253 F. 2d 286.

Neither defendant nor Security National were under compulsion to handle the trust estate created by Mrs. Long's will. Undoubtedly they sought and accepted the grant of authority conferred on them by the Superior Court of Buncombe County for pecuniary reasons. We take judicial notice of the fact that both state and national banks seek the privilege of acting as fiduciaries, administering on the estates of decedents and incompetents. When Security National qualified, it did so with knowledge that it was required by law to file annual accounts with the Superior Court of Buncombe County and at the appropriate time distribute the estate under the orders of that court. It looked to the Superior Court of Buncombe to fix the compensation to which it was entitled for services rendered. Defendant, when it entered upon the performance of its duties as trustee, did so with like knowledge.

Defendant's asserted right to remove requires an answer to this question: Can defendant deprive the Superior Court of Buncombe County of its right and nullify its duty to inquire into the accuracy of defendant's final account merely because it best suits defendant's convenience for the inquiry to be made in Mecklenburg, where it has its principal office, rather than in Buncombe, where it qualified and the law requires it to account? Manifestly the answer must be and is no.

Reversed.