ISAAC H. MASON, Plaintiff in Error, v. JOHN WARNER *et al.*, Defendants in Error.

1. An action for an injury to the plaintiff's steamboat while navigating the Mississippi river, beyond the waters of this State, caused by obstructions wrongfully placed by defendant in the bed of the river, is transitory in its character, and the courts of this State have jurisdiction of the subject matter.

2. The test of local or transitory actions is the subject matter to which the injury is done, not the subject causing the injury. Injuries to persons and personal property are transitory, not local.

*Error to St. Louis Circuit Court.*

*Knight*, for plaintiff, and plaintiff in error.

I. Actions for injury to persons or personal property are transitory. (Mostyn v. Fabrigas, Cowp. 161; S. C., 1 Smith's Lead. Cas. 480; Thursby v. Plant, 1 Saund. 237; Thrale v. Cornwall, 1 Wils. 165; 1 Chit. Pl. 272, 275; Bulwer case, Pt. 7, 4 Coke. 57–62; Maurice v. Henry, 7 Taunt. 306; Whitham v. Stains, 2 Bos. & Pul. 354; Rafael v. Verelst, 2 Wm. Black, 1058; Trimby v. Viguier, 1 Bing., N. C., 151; 2 Bing, N. C., 202.)

II. The case of Livingston v. Jefferson, 1 Brock. 203, is not applicable to the case at bar. That was an action for trespass upon real property.

III. In this country, all actions based on privity of contract, or injuries to persons or personal property, unless otherwise provided by statute, are transitory. (2 John. Cas. 325; Henwood v. Cheeseman, 3 Serg. 500; Wright v. Grier, 9 Watts, 177; Elliott v. Powell, 10 Watts, 455; Lester v. Wright, 2 Hill, 320; 2 Caines, 374; 15 Mass. 280; 10 Pick. 280; 9 Pick. 59; Story's Conf. Laws, § 552.) Our statute would seem conclusive as to local actions. (R. C. 122.)

*Sterling*, for defendant in error.

I. As to the locality of the action. (Livingston v. Jefferson, 1 Brock. 203; 3 Blk. C. 294; 1 Ch. Pl. 298; Waster v. Winepiseago Lake Co., 5 Foster, 525; 4 D. & E. 503, 20 E. L. & Eq. R. 445; 1 Taunt. 380.) Actions for flowing land and for obstructing the flow of water are local. (Irwell Nav. Co. v. Douglas, 2 East. 497; Rundle v. Delaware & R. C., 1 Wal. Jr., 275; Thayer v. Brooks, 17 Ohio, 489; 17 Ill. 534.) Action of assignee of the grantee against the grantor is local. (Leeman v. Ellis, 6 Mass. 331; White v. Sanborn, 6 N. Hamp. 220.) Actions on covenant of seisin or warranty are local. (Gould Pl. 115; Clark v. Gifford, 1 Caines, 5; Phillips v. Decker, 10 Mass. 267; Clark v. Scudder, 6 Gray, Mass. 122.)

.33—VOL. XXXI.

The legislature of this state can not confer jurisdiction upon its courts of actions arising in foreign countries, which are local under the laws of the countries where the action arises. (Henry on For. Laws, ch. 8, § 3, pp. 59 and 63 ; Story Confl. L., § 541, 522, 553, 554, 586 ; Rafael v. Verelst, 2 Wm. Bl. 1058 ; State v. Knight, 1 Taylor, 44.)

DRYDEN, Judge, delivered the opinion of the court.

This is an action brought by the plaintiff to recover damages for alleged injuries to his steamboat, while navigating and descending the Mississippi river, occasioned by certain piers and abutments wrongfully and injuriously erected and maintained by the defendant, and his agents and servants, in and across the said river, between Davenport in Iowa, and Rock Island in Illinois.

The petition distinctly shows that the injuries complained of were not committed within, but beyond the limits of this state. The defendant demurred to the petition, and assigned for cause, " that the court has no jurisdiction of the subject of the action." The court sustained the demurrer and dismissed the suit, and plaintiff prosecutes his writ of error to reverse the judgment, and assigns for error the sustaining of the demurrer.

The only question involved in this case is whether, where the defendant is found here, our courts can lawfully take cognizance of actions for injuries to personal property committed beyond the limits of the state. Actions are either transitory or local. They are said to be transitory where the transactions on which they are founded might have taken place anywhere, but are local where their cause is in its nature necessarily local. (1 Brock. 209.) The distinction exists in the nature of the subject of the injury complained of, and not in the means by which, or the place at which, the injury was effected. My horse or my steamboat being movable, is the subject of injury as well in one county as another, as well in one state as another ; but this can not be affirmed of my land, which is immovable. If an agistor of cattle open

a pit in his field, and negligently leave it open, whereby my horse at pasture is permitted to fall into it and is killed, the means and place of injury are local, but the subject of the injury—the horse—is transitory, and capable of injury as well at one place as another. But if my horse trespass upon the agistor's field, break the close, and tread down and eat his grass, here the means of injury—the horse—is movable, transitory; but the subject of the injury—the realty—is immovable, local, and therefore is not capable of being injured at any other place. The counsel for the defendant seems not in his brief to have taken this distinction, but to have fallen in the error of making the means of the injury rather than the nature of the subject of it, the test of whether the action is local or transitory. He says "the question of the liability of the defendant involves the question of the establishment and maintenance of a nuisance upon real estate," and then proves properly enough that the remedy for the establishment of a nuisance on real estate is local. The fault of the argument is in assuming that the injury complained of consists in the erection and maintenance of the piers and abutments in the public highway, whereas these are but part of the means by which the injury complained of—the destruction of the boat—happened, and not the injury itself. The case of Livingston v. Jefferson, 1 Brock. 203, cited and relied upon by defendant's counsel in support of the judgment, was an action of trespass *quære clausum fregit;* an action to recover damages for an injury to immovable local property—real estate—brought in the U. S. circuit court, in the state of Virginia, for trespass upon and injury to land in New Orleans. The question of the jurisdiction of the court in Virginia was raised and decided in the negative, but upon the distinction we have made. The case, then, does not support the demurrer. Actions for injuries to persons or personal property have been held to be transitory by the law of England for more than two hundred years. In a case cited in Cowper, 167–8, it is said: "In the year 1657, when trade was open to the East Indies, Mr. Skinner possessed himself of a house and

warehouse, which he filled with goods at Jamby, and he purchased of the king at Great Jamby, the islands of Baretha." The agents of the East India Company assaulted his person, seized his warehouse, carried away his goods, and took and possessed themselves of the islands of Baretha. Upon this case it was propounded to the judges, by an order from the king in council, dated the 12th of April, 1665, whether Mr. Skinner could have a full relief in any ordinary court of law? Their opinion was that "his majesty's ordinary courts of justice, at Westminster, can give relief for taking away and spoiling his ship, goods and papers, and wounding and assaulting his person, notwithstanding the same was done beyond seas. But that as to the detaining and possessing the house and islands in the case mentioned, he is not relievable in any ordinary court of justice." So in Mostyn v. Fabrigas, Cowp. 161, (decided in 1774,)—which was an action of trespass brought in London for an assault and battery and false imprisonment, committed in the island of Minorca—objections being made to the jurisdiction of the court, Lord Mansfield, after considering the line of difference between local and transitory actions, said: "As to transitory actions, there is not a color of doubt but that every action that is transitory may be laid in any county in England, though the matter arises beyond the seas," and overruled the objection.

Again, in Rafael v. Verelst, 2 H. Blackstone, 1058—which was of trespass, brought in London for an assault and battery and false imprisonment, in the East Indies—De Gray, chief justice, says: "Crimes are in their nature local, and the jurisdiction of crimes is local, and so as to the right of real property, the subject being fixed and immovable; but personal injuries are of a transitory nature, and *sequentur forum rei*. And though in all declarations of trespass it is laid *contra pacem regis*, yet that is only matter of form, and not traversable"—and sustained the jurisdiction of the court. The transitory quality of actions for injuries to persons and personal property is recognized and amply sustained likewise by the American authorities.

Judge Bates and Judge Bay concurring, the judgment of the circuit court is reversed and the cause remanded, with directions to that court to overrule the demurrer.