W. J. SANDERS ET AL., APPELLANTS, v. CHARLES SAVAGE, ADMR., ETC., RESPONDENT.—129 S. W. (2d) 1061.

Kansas City Court of Appeals.   June 19, 1939.

*A. D. Campbell* for appellants.

*Lorenzo Jones* and *Clare Magee* for respondent.

KEMP, J.—This is an appeal from a judgment of the Circuit Court of Putnam County, sustaining the action of the probate court of that county in dismissing plaintiffs' petition for classification of a judgment rendered by the Circuit Court of Adair County against defendant as administrator of the estate of J. S. Savage, deceased.

In this opinion we shall refer to the appellants as plaintiffs and to respondent as defendant.

On July 3, 1937, the plaintiffs, W. J. Sanders and Daisy Sanders, his wife, filed suit in the Circuit Court of Adair County against defendant as administrator of the estate of J. S. Savage, to recover $750, which was alleged to be the reasonable value of plaintiffs' services in caring for and nursing the said J. S. Savage during the period of his infirmity and last illness. On July 17, 1937, defendant was duly served with summons in Adair county. On February 22, 1938, the case came on for trial. Defendant made default and the court, allowing a credit of $15, on account of a payment made by defendant to plaintiffs subsequent to the institution of the suit, rendered judgment in favor of plaintiffs for $735.

On March 23, 1938, plaintiffs filed in the Probate Court of Putnam County their petition for the classification of said judgment and allowance of same as a claim against said estate, together with a certified copy of said judgment. Thereupon defendant administrator filed a motion to dismiss plaintiffs' petition on the ground that the Circuit Court of Adair County had and could have no jurisdiction of the subject-matter "of this pretended cause of action," and that said court had no "jurisdiction to render the pretended judgment herein sought to be classified against said estate," for the reason that all the property of the decedent, at the time of his death, consisted of personal property of the approximate value of $175, and real estate at the estimated value of $400, all as shown by inventory and appraisement of said estate; that said real estate was situated in Putnam county "and that such pretended judgment is designed to and will, if sustained, materially affect the title to the real property belonging to said estate, and will, if allowed and classified by

this court as a judgment against said estate, cast a cloud upon the title to the real estate of said deceased.'' Said motion further alleged that ''under the provisions of section 722 of the Revised Statutes of Missouri of 1929, all suits for the possession of real estate, or where the title thereto may be affected, shall be brought in the county where such real estate, or some part thereof, is situated.''

Upon trial of this matter the probate court sustained defendant's motion to dismiss plaintiff's petition for classification. In due course plaintiffs prosecuted an appeal to the Circuit Court of Putnam County, where the cause of action was tried and submitted on July 18, 1938, and by the court taken under advisement until November 21, 1938, at which time the court rendered judgment which, omitting formal parts thereof, is as follows:

''This cause coming on regularly for hearing on the 18th day of July, 1938, the parties appeared by and through their respective attorneys and the cause was submitted to the court upon the pleadings and the evidence; and the court took said cause under advisement and the parties hereto were given leave to submit briefs and the cause continued to the regular October term of this court; and now on this 21st day of November, the same being the 5th day of the regular October term, the court being fully advised in the premises finds that the Circuit Court of Adair County, Missouri, had no jurisdiction of the parties or subject-matter of this action and that the purported judgment rendered by said court was null, void, and of no effect; that the probate court of Putnam County, Missouri, could not therefore legally classify and allow such judgment as a demand against the defendant estate; it is therefore ordered, adjudged and decreed that the judgment of the probate court be and the same is hereby affirmed; and that the said probate court is fully sustained by its action in dismissing plaintiffs' petition for classification.''

In due time plaintiffs filed a motion for new trial which was overruled, following which an appeal to this court was duly taken.

Defendant's motion to dismiss plaintiff's petition to classify the judgment against defendant rendered by the Circuit Court of Adair County is grounded on the theory that plaintiffs' suit, brought in Adair county, was a suit affecting title to real estate in Putnam county, and hence, under the provisions of section 722, Revised Statutes of Missouri, 1929, could be maintained only in Putnam county where the real estate was situated.

If the suit in which the Adair county judgment was rendered was a suit affecting title to real estate within the meaning of section 722, then the judgment of the Circuit Court of Putnam County herein appealed from was undoubtedly correct in its finding that the Circuit Court of Adair County had no jurisdiction of the subject-matter of said suit, and that said ''purported judgment rendered by said court court was null and void and of no effect.''

It is plaintiff's contention, however, that the Adair county suit was merely a suit to recover the value of services rendered to deceased and that the judgment rendered therein was merely a money judgment and did not in anywise affect title to real estate within the meaning of section 722, Revised Statutes of Missouri, 1929.

Defendant, in support of his contention that this was a suit affecting the titled to real estate, points out that the judgment for $735, rendered in this suit was in excess of the value of the entire estate, the majority of which consisted of real estate, and that hence the judgment necessarily directly affects the title to real property.

If this argument be sound, then any suit for a money judgment in excess of the amount of personal property owned by a defendant, who at the time was the owner of real estate, would be a suit affecting title to such real estate and, if brought in a county other than that in which the real estate was situated, the judgment entered therein would be a nullity by virtue of the provisions of said section 722. We think it cannot be fairly contended that section 722 is susceptible of an interpretation that would make it applicable to such a suit. This statute is applicable only to those cases wherein the judgment will operate directly upon or will directly affect the title to real estate. The fact that execution of the judgment may necessitate a sale of real estate situated in a county other than the county wherein the suit was brought, is not determinative of the question of jurisdiction of the subject-matter of the suit under the statute.

This point is ruled in the case of State ex rel. v. Dearing, 180 Mo. 53. Here the Supreme Court had under consideration, in a prohibition proceeding, a suit in equity brought in the Circuit Court of St. Louis, wherein it was alleged that defendants, through a fraudulent conspiracy had sold to the plaintiff company a lumber plant consisting of 75,000 acres of land situate in the counties of Carter, Wayne and Butler, for the sum of $37,250, which they, as promoters of said company, had contracted for at a price of $21,000. It was alleged that six notes of $1000 each, secured by deed of trust on certain lands, had been given by the plaintiff company in part payment of the purchase price thereof. In the prayer for relief, the plaintiffs sought to recover the value of certain shares of stock and other valuable property alleged to have been fraudulently acquired by defendants, and further sought to enjoin the defendants from selling or attempting to sell the property described in said deed of trust, or any part thereof, or from attempting to collect said six notes so secured by deed of trust on said land, or from transferring same, etc.

As in the case at bar, it was there contended that this was a suit affecting title to real estate, none of which was situated in the City of St. Louis where the suit was instituted, and that in view of the provisions of section 564, Revised Statutes 1899 (which is the same

**14**

as section 722, Revised Statutes of Missouri, 1929), the St. Louis Circuit Court was without jurisdiction to retain the cause. Passing upon this question, the court said, l. c. 63:

''This section of the statute, like the constitutional provision vesting appellate jurisdiction in this court in cases involving title to the real estate, applies only to cases in which title to land is the subject of the controversy and in which the judgment will operate directly upon the title, and not to those cases where the title to land may be merely a subject of collateral inquiry or in which the judgment will only affect the title incidentally or collaterally.''

The Dearing case was approved and the rule therein announced was followed in the case of Brutcher et al. v. Fitzsimmons, 122 S. W. (2d) 881; Hewitt v. Price et al., 204 Mo. 31, l. c. 43-44, is to the same effect.

Baltz et al. v. Nelson et al., 171 Mo. 682, was a suit in equity to declare fraudulent and void and to cancel two deeds to certain real estate in the City of St. Louis, and to thereby divest title to said real estate out of one Sophie Nelson and thus leave title in Nels Nelson, the alleged fraudulent grantor, as it was before said deeds were made, and to have the land sold to satisfy a judgment against the said Nels Nelson. The court held that title was directly and necessarily involved in this case, and hence jurisdiction in the Supreme Court on appeal. In discussing this question, however, the court said, l. c. 688:

''If the suit was simply to establish or enforce a special taxbill, or a mechanic's or vendor's lien or any other kind of a lien, the title to real estate would *not* be involved. [Citing cases.] And the reason is that in all such cases the title is necessarily conceded to be in the defendant, for otherwise the plaintiff would not be entitled to a lien against the land in that suit, and therefore no judgment that could be rendered in the case could divest the title out of the defendant. The result of the establishment of the lien on the land and the sale of the land to satisfy the judgment might be that the defendant would lose the land, but the same is true in every case of a judgment against one who owns land. In such case the title to the land passes as the legal result of a sale on execution to satisfy the judgment, but the judgment itself rendered in the case does not strike down a muniment of title or, *ipso facto* and without any execution, divest title from the defendant.''

This language is strikingly applicable to the situation in the case at bar. The result of the Probate Court of Putnam County classifying the judgment obtained in the Adair County Circuit Court as a valid claim against the estate may involve the sale of the land in satisfaction of said claim, in which event the heirs may lose the land, but as said in the Balz case, ''the same is true in every case of a judgment against one who owns land, . . .'' but the judgment

rendered in the Adair County Circuit Court "does not strike down a muniment of title or, *ipso facto* and without any execution, divest title from the defendant," or as in this case, from the heirs of the decedent.

We should further state that the Adair county judgment against the administrator did not constitute a lien upon the land owned by the deceased at the time of his death. [Wahl v. Murphy, 99 S. W. (2d) 32, 1. c. 35.] Hence it cannot be contended that title to the land was directly affected by the judgment on this ground.

On this point of jurisdiction defendant cites numerous cases, but upon the mistaken promise that this is a suit affecting title to real estate, and hence the case so cited are not in point.

We hold, therefore, that the suit brought in the Adair County Circuit Court was merely a suit for a money judgment and did not involve any issue affecting title to real estate, and hence the jurisdiction of the Adair County Circuit Court on the subject matter of said suit is unaffected by the provisions of section 722, Revised Statutes of Missouri, 1929.

A demand against an estate may be established by reducing it to judgment in a circuit court, and thereafter filing it in the probate court for classficaton as an allowed claim. Section 189, Revised Statutes of Missouri, 1929, Missouri Statutes Annotated, paragraph 189, page 121, is as follows:

"Any person having a demand against an estate may establish the same by the judgment or decree of *some court of record,* in the ordinary course of proceeding, and exhibit a copy of such judgment or decree, and shall also exhibit copies of all judgments or decrees rendered in the lifetime of the deceased to the probate court. . . ." (Remainder of paragraph refers to securing claims.) (Italics ours.)

Section 5, Revised Statutes of Missouri, 1929, Missouri Statutes Annotated, paragraph 5, page 7, is as follows:

"Jurisdiction under this chapter.—All orders, settlements, trials and other proceedings contemplated by articles one to thirteen, inclusive, of this chapter shall be had or made in the county in which the letters testamentary or of administration were granted."

While this language doubtless affords a reasonable basis for the contention that any suit in a circuit court for the establishment of a claim against the estate, under the provisions of section 189, *supra,* must be brought within the county wherein the estate is being administered, yet the Supreme Court of Missouri has ruled otherwise.

In the case of State ex rel. Nute v. Bruce, 70 S. W. (2d) 854, the Supreme Court, passing specifically upon the interpretation to be given section 5, *supra,* in the light of section 189, *supra,* held that section 5 relates to the administration of estates in the probate court and has nothing to do with suits brought in the circuit court for reducing to judgment claims against an estate, and hence such suits

may be prosecuted in circuit courts other than those within the county wherein the estate is being administered. As pointed out by ELLISON, J., in an able dissenting opinion, the majority opinion held in effect that:

". . . a suit in the circuit court to establish a demand against the estate of a decedent under our probate law, section 189, Revised Statutes of Missouri, 1929 (Mo. St. Ann., par. 189, p. 121), is not a local but transitory action, the venue of which is fixed by section 720, Revised Statutes of Missouri, 1929 (Mo. St. Ann., par. 720, p. 929.)"

The Adair county judgment, among other recitals, recites that the "plaintiffs reside in Adair county, Missouri; that defendant was duly served with summons in Adair county, Missouri," thus fulfilling the requirements of section 720 with reference to venue. A judgment is not subject to collateral attack unless it affirmatively appears upon the face of the record that the court rendering judgment did not have jurisdiction of the subject matter or the person of the defendant, in which even the judgment is void. [Ray v. Ray et al., 50 S. W. (2d) 142, l. c. 144.] This judgment is regular upon its face and there is nothing in the record to indicate any infirmity therein, and hence it is not subject to collateral attack. [Inter-River Drainage Dist. v. Henson et al., 99 S. W. (2d) 865, l. c. 873.]

It follows that the Adair county judgment is a valid judgment and that the probate court should classify same as an allowed claim against the estate of J. S. Savage, deceased.

The judgment of the Circuit Court of Putnam County is therefore reversed and the cause remanded with directions to be proceeded upon in conformity with the views herein expressed. All concur.