Mary Allene MARCH, Respondent,

v.

Arnold Laclede GERSTENSCHLAGER,
Appellant,
St. Francois County Building and Loan As-
sociation, a corporation, and J. O.
Swink, Trustee, Defendants.

No. 46817.

Supreme Court of Missouri,

Division No. 2.

April 17, 1959.

Robert A. McIlrath, Flat River, and Der-
rick & Holderle, St. Louis, for appellant.

Milton F. Napier, St. Louis, for respond-
ent.

EAGER, Judge.

In this suit in equity plaintiff sought
primarily the declaration of a trust in real
estate which she had conveyed to her for-
mer husband. She also sought an account-
ing of the rents and profits and asked that
a deed of trust, placed on the property
by the grantee, be invalidated. The judg-
ment was for plaintiff; the court adjudged
that defendant Gerstenschlager, appellant
here, held title merely as trustee of a re-
sulting trust and that plaintiff was the sole
owner, subject to the indebtedness evi-
denced by deed of trust held by defendant
St. Francois County Building and Loan
Association, in which defendant J. O.
Swink is trustee. The judgment further
ordered that if defendant failed to recon-
vey the property, "a duly certified copy of
the final decree of this Court is to be re-
corded in the Office of the Recorder of
Deeds of St. Francois County, Missouri,
and such decree shall be a proper recon-
veyance of said real estate to plaintiff,

* * *." (See § 511.300; all statutory references are to RSMo 1949, V.A.MS.) Defendant Gerstenschlager filed an after-trial motion for judgment and in the alternative for a new trial; this being overruled, he alone has appealed. This suit was filed in the Circuit Court of the City of St. Louis and all proceedings were had there. The real estate is in St. Francois County.

■ We are confronted immediately with a question of jurisdiction, although the parties have not raised it. Section 508.030 is as follows: "Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated." It has been held that the provisions of this section are mandatory and that its provisions cannot be waived. Howell v. Reynolds, Mo., 249 S.W.2d 381, 383; State ex rel. Minihan v. Aronson, 350 Mo. 309, 165 S.W.2d 404; Stoops v. Stoops, 363 Mo. 1075, 256 S.W.2d 799. The requirement is applicable where title to real estate is directly involved, or where "the judgment will operate directly upon or will directly affect the title to real estate." Sanders v. Savage, 234 Mo.App. 9, 129 S.W.2d 1061, 1063, and cases therein cited. The nature of the action, and of the relief to be granted, must be considered. Cases which might casually appear to involve title have been held merely to be suits for an accounting. State ex rel. Brinkman v. McElhinney, Banc, Mo., 216 S.W. 521; State ex rel. Maxwell Inv. Co. v. Huck, Banc, Mo., 240 S.W. 236. And, as said in Howell, supra [249 S.W.2d 384], "* * * we do not hold that after an action, either transitory or local, is properly instituted in any county that the court may not thereafter acquire jurisdiction of title to real estate situate in another county if it becomes necessary under the issues thereafter arising so to do in order to determine and adjudicate the rights of all parties to the suit. * * *"

■ It would be difficult to imagine a case more directly involving title to real estate than the present one. The court found title to be in plaintiff in direct contravention of the deed in question, and ordered that the recorded judgment should operate as a conveyance if defendant failed to reconvey. Of necessity the recording would be in a different county.

The case of Rice v. Griffith, 349 Mo. 373, 161 S.W.2d 220, held that the question (as it arose there) was one of venue which might be waived. The facts there were quite different from ours; the question of title arose on an answer seeking specific performance, whereas the petition was for damages. Such may, or may not, be a distinction. See Falder v. Dreckshage, Mo.App., 227 S.W. 929, 934. We shall not decide that here. We think, however, that the court in the Rice case improperly considered the case of Robinson v. Field, 342 Mo. 778, 117 S.W.2d 308, upon which it principally relied, as one holding that this question was one of venue and that it could be waived. In the Robinson case the question of title was essentially eliminated as a controverted issue and the case was converted into a personal action for an accounting. The Rice opinion should not be considered as a general holding that the requirements of § 508.030 may be waived by failure to raise the question. This is particularly true in view of our decision in the Howell case (249 S.W.2d 381).

■ Here the question of accounting was purely secondary; plaintiff would be entitled to the accounting if, and only if, she first procured a decree of title. Such a decree would take title from the defendant and award it to plaintiff. There could be no vesting of original jurisdiction here because of the accounting. Under the doctrine of the Howell case, the judgment here was void; nevertheless, since it purported to divest the defendant of title and to vest it affirmatively in plaintiff, the appeal is properly here (Howell, 249 S.W.2d loc. cit. 384).

Under these circumstances a reversal of this judgment is our only recourse. The judgment is therefore reversed and the cause is remanded with directions that it be dismissed without prejudice. It is so ordered.

All concur.