MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, Executor under the Will of Hazel K. Prevallet, Deceased, dated December 10, 1970, Mercantile Trust Company National Association, Trustee Under Indenture of Trust of Hazel K. Prevallet, dated October 16, 1968, and Mercantile Trust Company National Association, Named as Executor in a Will of Hazel K. Prevallet, dated March 28, 1967, Relators,

v.

Honorable John L. ANDERSON, Judge, Division III, of the Circuit Court of the County of Jefferson, State of Missouri, Respondent.

No. 42043.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 6, 1981.

Thompson & Mitchell, St. Louis, for relators.

Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, P. C., Jack C. Stewart, Mark T. Stoll, Hillsboro, for respondent.

SIMON, Judge.

This is an original proceeding in prohibition seeking to prohibit respondent as Judge of the Circuit Court of Jefferson County from proceeding in a cause pending before him on the grounds of lack of venue and jurisdiction. Relator, Mercantile Trust Company National Association (Mercantile), in its various capacities, claims (1) that venue is improperly laid in Jefferson County under the provisions of the National Bank Act, 12 U.S.C. § 94, and (2) even without consideration of the venue provisions of the National Bank Act, respondent has no jurisdiction to proceed further against relators on Counts IV and VI.

This proceeding arose from an action instituted in the Circuit Court of Jefferson County entitled, "Edna Gillman, plaintiff, v. Mercantile Trust Company National Association, Executor of the Estate of Hazel K. Prevallet under the purported will of Hazel K. Prevallet, deceased, dated December 10, 1970; Trustee named in an instrument designated Revocable Living Trust of Hazel K. Prevallet, deceased, dated October 16, 1968, and as purportedly amended by Hazel K. Prevallet, now deceased, on December 9, 1970; and Executor of the Estate of Hazel K. Prevallet named in her will dated March 28, 1967, et al., defendants." The petition which was filed on May 3, 1979 contained seven counts.

Count I sets forth the factual setting upon which the action is based. Plaintiff alleged that on or about June 17, 1946, she and her husband, Russell Gillman, now deceased, began working for Frank J. Prevallet and Hazel K. Prevallet, husband and wife, doing farm work, household work and other duties on the Prevallet farm in Jefferson County. It is alleged that, beginning in 1950 and continuing through the death of Frank in 1968, the Prevallets promised that if the Gillmans continued to work on the Prevallet's land, they would be paid a certain agreed upon salary and, in addition, the Prevallets promised to leave to the Gillmans by will certain personalty and real estate situated in Jefferson County. Performance by the Gillmans is alleged.

It is further alleged that the Gillmans were made beneficiaries of Frank's will dated March 28, 1967. The will provided, in substance, that in the event that Hazel had predeceased him the Gillmans were to receive the Jefferson County real estate and personalty which had been the subject of the alleged oral agreement. Plaintiff also alleged that Hazel had executed a will dated March 28, 1967, which mirrored that of her husband's. After the death of her husband, Frank, Hazel executed an inter vivos trust instrument dated October 16, 1968, and a new "Last Will and Testament" dated December 10, 1970. The latter will purportedly revoked all prior wills and contained no provisions therein providing that the Gillmans were to receive the Jefferson County real estate. Instead, the 1970 will contained a provision wherein Mercantile, as executor, was empowered to sell the real estate and add the proceeds to the residuary estate. Mercantile, as trustee under the inter vivos trust instrument, is a beneficiary of the residuary estate pursuant to a "pour over" from the 1970 will to the trust.

Hazel K. Prevallet died a resident of St. Louis County, Missouri. Her will, dated December 10, 1970, was filed in the Probate Court of St. Louis County. Letters testamentary were granted to Mercantile, as the executor named in the will. The Estate of Hazel K. Prevallet is presently pending in the probate division of the Circuit Court of St. Louis County.

Count I of plaintiff's petition is an action in equity for specific performance of a con-

tract to make a will against the Estate of Hazel K. Prevallet. The assets which plaintiff alleges to be the subject matter of the bequest or devise in her favor are being administered as part of that estate. Count II, pleaded alternatively, is an action at law for damages against the decedent's estate for breach of the same alleged contract to make a will, for breach of an alleged contract to build a house for plaintiff, and for services performed by plaintiff in preserving the Jefferson County real estate. Count III alternatively prays for the reasonable value of the services rendered the Prevallets.

Counts IV and VI, which are will contest actions, seek to void the 1970 will of Hazel K. Prevallet which is being probated in St. Louis County, and to establish the earlier 1967 will as her last will and testament. Count V is an action to set aside the inter vivos trust executed on October 16, 1968, on the grounds that Hazel was of unsound mind and was unduly influenced in creating the trust. Count VII incorporates certain allegations of Counts I, II and III and prays that a constructive trust be imposed on the Jefferson County real estate and on the sum of $50,000.

After Mercantile was served with summons, it appeared specially in its various capacities as executor and trustee for the purpose of objecting to the venue and to challenge the jurisdiction of the Jefferson County Circuit Court. A "Joint Motion to Quash Service of Summons and to Dismiss for Lack of Venue and Jurisdiction" was filed and denied. This proceeding followed.

Relator contends that respondent should be prohibited from proceeding further in this cause on the ground that 12 U.S.C. § 94 of the National Bank Act is controlling, and as such, venue is proper only in the City of St. Louis, the city in which relator, as a national banking association is located. Respondent, on the other hand, contends that Mercantile has either waived the privilege of asserting the venue provision of the National Bank Act by taking on a fiduciary role or, in the alternative, that the action is within the local action exception to § 94 of the National Bank Act.

 Title 12 U.S.C. § 94, provides: "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

A national banking association is a creature of federal law, and the question of where it can be sued is governed by Federal law. It is now well-settled that the provision in § 94 concerning venue in state, county or municipal courts is not permissive, but mandatory, and therefore, national banks may be sued only in those state courts in the county where the banks are located. *Citizens and Southern National Bank v. Bougas*, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977); *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963).

The venue provision has been held to be a privilege personal to the bank, and subject to waiver. *First National Bank of Charlotte v. Morgan*, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889). There is also a judicially created "local action" exception which was carved out by the United States Supreme Court in *Casey v. Adams*, 102 U.S. 66, 26 L.Ed. 52 (1880).

 First we shall address the issue of waiver. A national bank may waive the protection of § 94 either by express declaration or by failing to assert the privilege when sued outside its district or county. *First National Bank of Charlotte v. Morgan, supra*. Further, a waiver may be inferred from conduct inconsistent with the assertion of the privilege. In order to constitute waiver the declaration or conduct relied on must demonstrate a voluntary and intentional relinquishment or abandonment of the privilege. *Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973); *Buffum v. Chase National Bank of the City of New York*, 192 F.2d 58 (7th Cir. 1951) *cert. denied* 342 U.S.

944, 72 S.Ct. 558, 96 L.Ed. 702 (1952). Respondent argues that Mercantile has waived its § 94 immunity from suit in Jefferson County by voluntarily taking on the duties and responsibilities of a fiduciary and thereby impliedly consenting to be sued in any matter involving the trust and the estate wherever the suit may be brought.

■ In support of his argument, respondent relies mainly on *Lichtenfels v. North Carolina National Bank*, 260 N.C. 146, 132 S.E.2d 360 (1963). However, that case is distinguishable. In *Lichtenfels*, the beneficiaries under a testamentary trust brought an action against the successor trustee, a national bank, for mismanagement and to compel an accounting. The complaint was filed in the county court which had probate jurisdiction over the settlor's estate, but was not the county in which the national bank was located. In holding that the national bank had waived the protection of § 94, the court relied on the fact that the defendant national bank had applied to that court for an order appointing it to serve as successor trustee of the trust that was the subject of the suit, and, that the bank "did so with the knowledge that it was required by law to file annual accounts with [that court] and at the appropriate time distribute the estate under the orders of that court." 132 S.E.2d at 364. In the present case, the estate is being administered in St. Louis County where Mercantile applied for letters testamentary and they were granted. As in *Lichtenfels*, Mercantile waived its § 94 privilege by its conduct in applying to act as executor of the estate in the St. Louis County Probate Court. However, this conduct did not constitute a waiver of Mercantile's § 94 privilege as to the action filed in the Circuit Court of Jefferson County.

The United States Supreme Court in *First National Bank of Charlotte v. Morgan, supra* 132 U.S. at 145, 10 S.Ct. at 38, stated:

"Considering the object as well as the words of the statute authorizing suit against a national banking association to be brought in the proper state court of the county where it is located, we are of the opinion that its exemption from suits in other courts of the same State was a personal privilege that it could waive, and which, in this case, the defendant did waive, by appearing and making defence without claiming the immunity granted by Congress. No reason can be suggested why one court of a State, rather than another, both being of the same dignity, should take cognizance of a suit against a national bank, except the convenience of the bank. And this consideration supports the view that the exemption of a national bank from suit in any state court except one of the county or city in which it is located is a personal privilege which it could claim or not, as it deemed necessary."

The record does not indicate any conduct of Mercantile in Jefferson County that would constitute a waiver. Thus, under the rationale of *First National Bank of Charlotte v. Morgan, supra*, Mercantile did not waive its § 94 privilege as to Jefferson County.

The next question we will address is whether the pending suit is a local action, as respondent contends, and thus within the local action exception to the mandate of § 94. In holding that the statute applies only to transitory and not local actions, the United States Supreme Court in *Casey v. Adams, supra*, 102 U.S. at 67–68, 26 L.Ed. 52, explained:

"The distinction between local and transitory actions is as old as actions themselves, and no one has ever supposed that laws which prescribed generally where one should be sued, included such suits as were local in their character, either by statute or the common law, unless it was expressly so declared. Local actions are in the nature of suits *in rem*, and are to be prosecuted where the thing on which they are founded is situated."

*Casey* involved a suit for the cancellation of certain secured mortgages on realty. The court held that the suit was properly commenced in the parish where the real estate was located notwithstanding that the de-

fendant, one of the secured creditors, was a national bank and not located in that parish.

Therefore, it is appropriate to look to our state's statutory and common law to determine whether an action is local or transitory in nature. *Chateau Lafayette Apartments, Inc. v. Meadow Brook National Bank*, 416 F.2d 301, 304 (5th Cir. 1969). Respondent contends that all of the counts of plaintiff's petition are in rem or local in nature or properly joined thereto. He argues that the primary object of the suit is a transfer of Jefferson County real estate, and as such, is a suit whereby title to real estate may be affected, and is therefore local to Jefferson County under § 508.030 RSMo 1978.[1] Relator, on the other hand, characterizes the suit as having as its basic purpose to remedy a breach of contract, the title to real estate being merely incidentally affected thereby. Alternatively, relator argues that if the action can be considered local, it is local to St. Louis County, since all of the assets sought to be reached are part of the Estate of Hazel K. Prevallet, which is being administered there. Relator also argues that in any event, Count IV, a will contest, and Count VI, an attempt to establish a will, can only be brought in St. Louis County under Missouri law.

In confronting these issues we will first consider the substance of each count to determine whether § 508.030 requires that any of them be brought in Jefferson County. In *Sisk v. Molinaro*, 376 S.W.2d 175, 180 (Mo.1964), our Supreme Court stated:

"In any action which has for its primary purpose and object a judgment directly affecting the title to real estate (or in which the judgment does so), then § 508.030 is applicable, and the suit must be filed in the county where the land is situated."

The nature of the action and the relief to be granted must be considered. *March v. Gerstenschlager*, 322 S.W.2d 743, 744 (Mo.1959).

Count I is an action for specific performance of an alleged oral contract to devise, inter alia, certain real estate located in Jefferson County. In *Sisk*, our Supreme Court held that a vendor's suit for specific performance of a contract to convey real estate must be brought in the county where the real estate is situated, being a suit affecting title to real estate under § 508.030. Under the broad language utilized by the Court in *Sisk*, we see no reason why the present action should be treated any differently. Under § 473.260, when a person dies, his real and personal property, except exempt property, passes to the persons to whom it is devised by his last will subject to the expenses of administration and the claims of creditors. The primary object of Count I, therefore, is a judgment directly affecting title to real estate, since the will which had been admitted to probate disposed of the property contrary to the alleged oral agreement. Even if the suit is characterized as a suit upon a contract, which as an incident thereto, requires the delivering of a deed as a muniment of title, the result would be no different. *State ex rel. Uskali v. Snodgrass*, 524 S.W.2d 888, 890 (Mo.App.1975). Under present Missouri law,[2] the fact that the real estate is part of

---

1. Unless otherwise noted, all statutory references shall be to the Revised Statutes of Missouri, 1978.

 Section 508.030 provides: "Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax thereon, shall be brought in the county where such real estate, or some part thereof, is situated."

2. Under the new Probate Code, effective January 1, 1981, the result may be different. See §§ 473.013 and 473.303 RSMo Supp. 1980.

 Section 473.013 provides in pertinent part: "... the probate division of the circuit court has in rem jurisdiction of all real and personal property of the decedent located within this state."

 Section 473.303 provides in pertinent part: "1. If a decedent entered into a contract, specifically enforceable in equity, and did not execute the same in his lifetime, nor give power by will to execute the same, the other party, wishing specific execution of the contract, or the personal representative of the decedent, may present a verified petition to the court, setting forth the facts and stating that no part of the contract has been satisfied except as set forth, and praying that an order be made that the personal representative execute such contract specifically, by executing a deed for the same."

the res of an estate being administered in St. Louis County does not affect our decision. It is true that § 473.013 provides that estate proceedings are proceedings *in rem*, and that the Probate Court of St. Louis County acquired jurisdiction over the res (decedent's estate) by granting letters testamentary to the executor. *Black v. Stevens*, 599 S.W.2d 54, 56 (Mo.App.1980). But we believe that an oral contract to devise realty is a suit whereby the title to real estate is affected, and therefore was within the local action exception to § 94 and properly brought in Jefferson County.

▮ Counts II and III are actions for damages for breach of contract and for reasonable value of services, respectively, and are transitory actions, and cannot be considered local to Jefferson County under Missouri law. In *Sanders v. Savage*, 234 Mo.App. 9, 129 S.W.2d 1061 (1939), the court held that a suit to recover the value of services to decedent was merely a suit for a money judgment and did not involve any issue affecting title to real estate, even though the judgment obtained would be in excess of the personalty in the estate and therefore require that real estate be sold to satisfy the judgment.

▮ Counts IV and VI, which are actions to void a will and to establish another will, can be properly brought only in St. Louis County under Missouri law. This is true regardless of whether the will to be contested or the will to be probated contains real estate. Section 473.010 specifies venue for proceedings pertaining to decedents' estates. In relevant part that section provides:

"1. The will of any decedent shall be probated and letters testamentary or of administration shall be granted:

(1) In the county in which the domicile of the deceased is situated;

. . . . .

3. All orders, settlements, trials and other proceedings pertaining to any estate shall be had or made in the county in which the letters were granted."

Since plaintiff admits in her pleadings that the decedent, Hazel K. Prevallet, died a domiciliary of St. Louis County, and has not raised any issue of domicile, it is clear from the statute that the only county in which the will or a purported will of the decedent could be probated is in St. Louis County. The proper and only court, where Counts IV and VI may be filed, is the Circuit Court of St. Louis County, the decedent's domicile, and where the 1970 will of the decedent was admitted to probate. *Black v. The City National Bank and Trust Co.*, 321 S.W.2d 477 (Mo.1959).

▮ Count V of plaintiff's petition does not allege that the *inter vivos* trust sought to be set aside holds any real estate in Jefferson County or that the action is otherwise local to Jefferson County. The only mention of Jefferson County real estate is the allegation that the proceeds from the sale of the real estate were to "pour over" to the trust from the 1970 will. Count V seeks to set aside the inter vivos trust on the ground that the settlor was incompetent and as such cannot be said to directly affect title to real estate and would be subject to the mandate of § 94.

▮ Count VII seeks to establish a constructive trust on the Jefferson County real estate in question and on $50,000 of the decedent's estate for the benefit of plaintiff, "and that the owners of the legal title of said land and sum of money be declared trustees thereof to the use and benefit of Edna Gillman and that said owners ... be directed to forthwith convey fee simple title to said land and deliver said sum of money to plaintiff Edna Gillman." The effect of an imposition of a constructive trust is that a person holding legal title to property is subject to an equitable duty to convey it to another to prevent unjust enrichment. *Skidmore v. Back*, 512 S.W.2d 223, 230 (Mo. App.1974). The primary object of this count then is a judgment which would operate directly upon title to Jefferson County real estate and would therefore be local to Jefferson County and within the local ac-

tion exception to § 94. In *March v. Gerstenschlager, supra,* the plaintiff sought primarily the declaration of a trust in real estate which she had conveyed to her former husband. She also sought an accounting for rents and asked that a deed of trust placed on the property by the grantee be invalidated. The court held that "[i]t would be difficult to imagine a case more directly involving title to real estate than the present one." In *State ex rel. Brinkman v. McElhinney,* 216 S.W. 521, 525 (Mo. banc 1919), the court suggested that had the petition been sufficient to predicate a constructive trust thereon, it would have been an action affecting title to real estate when it said:

"As we read the facts pleaded (excluding the mere conclusions of the pleader), the petition filed in the circuit court stated an action in equity for an accounting, and not an action to declare and decree a constructive trust. In other words, the petition fails to show an action in which the judgment therein might affect real estate."

We therefore hold that Count VII of plaintiff's petition is an action local to Jefferson County and thus within the exception to § 94 of the National Bank Act.

Since we have held that Counts I and VII are local to Jefferson County and thus within the local action exception to § 94 of the National Bank Act, it is necessary to determine whether respondents can defeat the mandate of § 94, and applicable Missouri venue law as to the other five counts by joining them with Counts I and VII. Respondent's position is that if venue as to any count is proper in Jefferson County under an exception to § 94, then when additional counts are joined in the same petition there is venue as to the additional counts. In making this contention respondent relies on Rule 52.05(a)[3] and Rule 55.06(a).[4]

In *Skatoff v. Alfend,* 411 S.W.2d 169 (Mo.1966), our Supreme Court held that the plaintiff cannot join claims to avoid the mandatory effect of § 508.030, as to the place of bringing an action affecting title to real estate. Similarly, in *State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290 (Mo. banc 1979), the court held that Rule 52.05(a) cannot be used to establish venue as to one count when venue would not have existed as to that count without such joinder. Likewise, it would be improper to create venue for an action which would be prohibited by § 94 of the National Bank Act by joinder. Insofar as Counts I and VII are concerned the court's denial of relator's motion to dismiss was correct, and as to those counts we quash the preliminary writ as improvidently granted. With regard to Counts II, III, IV, V and VI, the writ is made permanent.

DOWD, P. J., and SATZ, J., concur.

---

**3.** 52.05(a) *Permissive Joinder.* All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all of the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

**4.** 55.06(a) *Joinder of Claims.* A party asserting a claim to relief as an original claim, counterclaim, crossclaim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party.