MISSION MEDICAL GROUP, P.A., and B.K.S. Corp., Appellants,

v.

Jason E. FILLEY, and David C. Spohr, Defendants,

Winnie Jacobs, Carl J. Spohr, and Beverly Spohr, Respondents.

No. WD 48687.

Missouri Court of Appeals, Western District.

July 12, 1994.

Gregory J. Pappas and Keith J. Shuttleworth, Kansas City, for appellants.

Paul V. Herbers and Paul Kingsolver, Kansas City, for respondent Winnie Jacobs.

C.E. Weedman, Jr., Harrisonville, for respondents Carl J. Spohr and Beverly Spohr.

Before HANNA, P.J., and BRECKENRIDGE and ELLIS, JJ.

ELLIS, Judge.

Appellants, Mission Medical Group, P.A. and B.K.S. Corp. (hereafter collectively referred to as "Mission"), filed a two-count petition against Jason Filley, David Spohr, Winnie Jacobs, Carl Spohr and Beverly Spohr in the Circuit Court of Cass County, Missouri. Jason Filley and David Spohr are minors. Winnie Jacobs is a parent of Jason Filley and he resided with her at all times referred to in the petition. Carl and Beverly Spohr are the parents of David Spohr, and he lived with them at all times relevant to this case. Count I alleged, *inter alia*, that Jason Filley and David Spohr left their parents' homes in Cass County, Missouri, traveled to Kansas and negligently set fire to a building owned by Mission and located at 5555 West 58th Street in the city of Mission, Kansas. Mission sought compensatory damages in excess of $15,000.

Mission subsequently filed a motion for summary judgment on Count I. After a hearing, the trial court granted the motion resulting in a judgment for $730,069.93

against the defendants David Spohr and Jason Filley. This judgment is not on appeal.

Count II of Mission's petition alleged that Winnie Jacobs, Carl Spohr and Beverly Spohr, the parents of Jason Filley and David Spohr, improperly allowed their sons to be away from home at 2:50 a.m. on December 26, 1989. It further alleged that the parents did not know the location of their sons and failed to properly supervise them when they caused the fire which damaged Mission's building. Mission also claimed that the parents' negligence was further evidenced by David Spohr and Jason Filley's propensity to set fire to abortion clinics.[1] Finally, Count II alleged that the parents' conduct amounted to negligent supervision of their minor children, and prayed for an award of damages against the parents. Winnie Jacobs, Carl Spohr and Beverly Spohr are residents of Cass County, Missouri.

In response to Count II, both Winnie Jacobs and Mr. and Mrs. Spohr filed motions to dismiss for lack of jurisdiction. They argued the Cass County court lacked subject matter jurisdiction because the burning of Mission's building was an action local to the *situs* of the real estate and therefore only Kansas courts could have subject matter jurisdiction over the controversy. This contention was based on the common law distinction between local and transitory actions. The trial court sustained the motions to dismiss, making docket entries stating simply that Count II was being dismissed "for lack of jurisdiction." This appeal followed.

Where a trial court fails to state a basis for its dismissal, we presume the dismissal is based on the grounds stated in the motion to dismiss. *Berkowski v. St. Louis County Bd. of Election Comm'rs*, 854 S.W.2d 819, 823 (Mo.App.1993). Here, the trial court gave no reasons for dismissal other than the bare declaration of "lack of jurisdiction." We therefore assume it was based on

---

1. According to Mission, Spohr and Filley were *going to torch an abortion clinic across the street* but got confused and burned Mission's building instead. In its petition, Mission also alleged that the boys had successfully burned a Planned Parenthood facility in Independence, Missouri, and had attempted to set fire to an abortion clinic in

Kansas City, Kansas. Under the theory of negligent supervision Mission attempted to plead, allegations regarding a child's propensity to engage in wrongful conduct are required. *See generally National Dairy Products Corp. v. Freschi, 393 S.W.2d 48, 54–57 (Mo.App.1965).*

the transitory versus local distinction as set forth in the motions.

■ In general, " 'subject matter jurisdiction' is the power to adjudge concerning the general question involved, and if a complaint states a case belonging to a general class over which the authority of the court extends, that court possesses 'subject matter jurisdiction.' " *Corning Truck & Radiator Serv. v. J.W.M., Inc.*, 542 S.W.2d 520, 527 (Mo.App.1976). Missouri circuit courts are courts of general jurisdiction. Mo. Const. art. V, § 14; § 478.070, RSMo 1986. Courts of general jurisdiction have the authority to hear all types of actions, including tort cases, *Darrah v. Foster*, 355 S.W.2d 24, 30 (Mo. 1962), and the location of the transaction or controversy is usually not determinative of subject matter jurisdiction.

The historical exception to this general rule is that a court will lack subject matter jurisdiction if the action is one local in nature. At common law, a distinction was made between transitory cases and local cases. A transitory case could be heard in any court: " '[T]here is not a color of doubt but that every action that is transitory may be laid in any county in England....' " *Mason v. Warner*, 31 Mo. 508, 512 (1862) (quoting *Mostyn v. Fabrigas*, 98 Eng.Rep. 1021, 1032 (1774) (Mansfield, L.J.)). Conversely, a local action had to be presented before the local court where the transaction in controversy occurred. *Mason*, 31 Mo. at 512. Actions were said to be transitory where the transactions on which they were founded might have taken place anywhere, but were considered local where their cause was in its nature necessarily local. *Id.* at 510. The historical basis for this distinction is unclear. *See Coleman v. Lucksinger*, 224 Mo. 1, 9, 123 S.W. 441, 442 (banc 1909) (explaining that the transitory/local distinction was a legal fiction originally invented by the courts to relieve the difficulty in obtaining jurisdiction at a time when all actions were considered local); Craig A. Adoor & Joseph J. Simeone, *The Law of Venue in Missouri*, 32 St. Louis U.L.J. 639, 641 (1988) (as the English judicial

system evolved and jurors no longer questioned witnesses, the English courts eased strict local jurisdictional requirements by allowing transitory actions to be heard in any court in England). At any rate, the early cases emphasized land and differentiated those actions that dealt with real estate by requiring them to be brought before the court where the real estate was situated. C. Adoor & J. Simeone, *supra*, at 642.

■ As discussed earlier, Missouri initially adopted the local versus transitory jurisdictional distinction. *Mason, supra.* However, in *Coleman v. Lucksinger*, 224 Mo. 1, 123 S.W. 441 (banc 1909), our Supreme Court did away with the common law distinction between transitory actions and local actions affecting real estate and *sub silentio* overruled its previous holding in *Mason:*

At common law no local action could be maintained out of the jurisdiction in which it arose, even though the result in many instances would be to deprive a party of all remedy.... We concede that this is the settled common-law rule, and the courts of the different states in our Union which have maintained this doctrine have done so under stress of the common law; but, in our opinion, our statute providing for the place of bringing of suits (sections 562, 564, c. 8. art. 3. Rev. St. 1899; Ann. St. 1906, pp. 591, 593) [2] has changed this rule.... So in this state by one general system our Legislature has provided for the venue of all civil actions.... In a word our Legislature has completely altered the rule of the common law, and provided for every contingency as to the bringing of suits, and it must be held that the common-law rule as to this action no longer obtains in this state.

*Coleman*, 224 Mo. at 8–9, 13, 123 S.W. at 442, 444 (internal footnote added); *see also Gregg v. Union Pac. Ry.*, 48 Mo.App. 494, 499 (1892) (holding that the venue statutes supplanted the ancient common law distinctions between local and transitory actions); *State ex rel. Gardner v. Hall*, 282 Mo. 425, 431, 221 S.W. 708, 710 (banc 1920) (observing that

**2.** The present statutes corresponding to these laws are, respectively, § 508.010 and § 508.030, RSMo 1986.

Missouri's venue statutes "rendered of minor importance ... the difference between transitory and local actions" described in *Mason* ). Our venue statutes have thus replaced the common law concepts that originally differentiated local and transitory actions.[3] For example, actions affecting title to real estate must be "brought in the county where such real estate, or some part thereof, is situated." § 508.030, RSMo 1986. Moreover, this venue is mandatory and cannot be waived. *Gorman v. State Highway Comm'n,* 552 S.W.2d 335, 336 (Mo.App.1977).

In order to determine if an action is transitory or local a court must look to the statutory *and* common law. *Mercantile Trust Co. Nat'l Ass'n v. Anderson,* 611 S.W.2d 548, 553 (Mo.App.1981). Against the backdrop of our venue statutes, an action will not be considered local because it affects real estate unless the action will directly affect title. *Ingram v. Great Lakes Pipe Line Co.,* 153 S.W.2d 547, 550 (Mo.App.1941). This analysis is consistent with § 508.030, which only applies to cases in which the title to land is the subject of the controversy, and in which the judgment will operate directly upon title. *Bladdick v. Ozark Ore Co.,* 381 S.W.2d 760, 768 (Mo.1964).

In the case at bar, it is clear the action will not affect the title to the real estate in Kansas. Mission is pursuing a tort claim for negligent supervision of the minor children, and is seeking only money damages. A suit for money damages alone does not involve any issue directly affecting title to real estate and will not be considered "local" under § 508.030. *Sanders v. Savage,* 234 Mo.App. 9, 15, 129 S.W.2d 1061, 1065 (1939); *Mercantile Trust,* 611 S.W.2d at 554. Since this is not a local action in that it does not directly affect title to real estate, the trial court had jurisdiction to hear the negligent supervision claim. The judgment of the trial court is therefore reversed and the cause is remanded for further proceedings.

All concur.

---

**3.** It should be noted that Missouri still recognizes a local exception to subject matter jurisdiction when courts are dealing with statutorily-created causes of action. A particular cause of action created by statute can be made local if the provisions of the statute limit actions for its enforcement to a particular court. *See State ex rel. U.S.* *Fidelity & Guar. Co. v. Mehan,* 581 S.W.2d 837 (Mo.App.1979); *Pipe Sys., Inc. v. American Mfrs. Mut. Ins. Co.,* 609 F.Supp. 571 (E.D.Mo.1985). There is no such statute at issue here because neither Missouri nor Kansas have a law concerning tort actions for negligent supervision.